Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

| | |
|---|---|
| PAUL ALSTON | 1126 |
| NEIL F. HULBERT | 1143 |
| GLENN T. MELCHINGER | 7135 |

18th Floor, Pacific Tower
1001 Bishop Street
Honolulu, Hawai ̣ i 96813
Telephone: (808) 524-1800

Attorneys for Petitioner
Keijiro Kimura, Deputy Trustee in
Bankruptcy of SPORTS SHINKO
KABUSHIKI KAISHA

UNITED STATES BANKRUPTCY COURT FOR THE

DISTRICT OF HAWAII

## 02-04131

| | | |
|---|---|---|
| In re: | ) | AN NO. |
| | ) | |
| SPORTS SHINKO KABUSHIKI KAISHA, | ) | **DECLARATION OF KEIJIRO** |
| a Japan corporation, | ) | **KIMURA IN SUPPORT OF** |
| | ) | **PETITION TO COMMENCE CASE** |
| Debtor. | ) | **ANCILLARY TO FOREIGN** |
| | ) | **PROCEEDING UNDER 11 U.S.C.** |
| | ) | **§ 304; EXHIBITS "A"–"D"** |
| | ) | |

**DECLARATION OF KEIJIRO KIMURA
IN SUPPORT OF PETITION TO COMMENCE CASE ANCILLARY TO
FOREIGN PROCEEDING UNDER 11 U.S.C. § 304**

I, KEIJIRO KIMURA, declare and testify under the penalty of perjury

as follows:

1

211996-2/6850-3

EXHIBIT _31_

1.     I am the duly appointed Deputy Trustee in the corporate reorganization proceeding (*kaisha-kosei tetsuzuki*) (the "Japan Proceeding") of Sports Shinko Kabushiki Kaisha, also known as Sports Shinko Co., Ltd., duly incorporated in Japan in 1959 ("SS Japan"). I am an agent of the duly appointed Trustee in the Japan Proceeding, Mutsuo Tahara (the "Trustee"). I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently thereto.

2.     I have been an attorney at law in Japan since April 1987. One of my fields of practice is bankruptcy law, and I have been involved in several bankruptcy cases in Japan as a bankruptcy trustee or deputy trustee. In 1993, I studied at Cornell Law School for a LLM, obtained a license to practice law in the State of New York and thereafter worked in a law firm in the United States. During practice in the United States, I was involved in a few international insolvency matters and reviewed the cases regarding Section 304 of Title 11 of the U.S. Code (the "U.S. Bankruptcy Code"). I am fluent in English and Japanese, and am familiar with the U.S. Bankruptcy Code.

3.     A true and correct copy of the Osaka Court documents starting the Japan Proceeding and appointing me as Deputy Trustee are attached to this declaration as Exhibit "A."

4.     The Japan Corporate Reorganization Act ("JCRA"), as amended in the year 2000, expressly abolishes territorial limits on the effect of

2

the Japan reorganization proceedings, so SS-Japan's overseas assets are to be dealt with by the Trustee in connection with the Japan Proceeding. The Trustee has authority to commence an ancillary proceeding and pursue claims for SS-Japan in the United States; as an agent of the Trustee, I have the authority to commence an ancillary proceeding.

5.    As Deputy Trustee, I seek to ascertain the location of all assets of the corporate estate, including assets held by subsidiaries. As part of my duties as Deputy Trustee, I was appointed president of SS Japan's various subsidiaries described in paragraphs 6 and 7 herein. I am familiar generally with the organization and structure of SS Japan and only certain of the various transactions involving SS Japan and its subsidiaries through the documents I have obtained; I believe that a substantial volume of documents and information has not been disclosed to me and prior management may have concealed or destroyed them.

6.    SS Japan is the parent corporation of Sports Shinko (USA) Co. Ltd. ("SS-USA"). SS Japan owns 89.1% of the stock of SS-USA. SS-USA owns all the stock of Sports Shinko (Hawai.i) Co., Ltd. ("SS-Hawai.i"), La Costa Hotel and Spa Corp., La Costa Co., Inc., Encinitas Resort Corp. and Sports Shinko (Florida) Co., Ltd. (the "SS-U.S. Entities"). *See* entity chart attached as Exhibit "B."

7.    SS-Hawaii owns the following subsidiaries: Sports Shinko (Kauai) Co., Ltd.; Sports Shinko (Mililani) Co., Ltd.; Sports Shinko (Pukalani) Co.,

3

Ltd.; Pukalani STP Co., Ltd. and Sports Shinko Resort Hotel Corp ("SS-RH"). SS-RH owns Ocean Resort Hotel Corp. and Sports Shinko (Waikiki) Corp.  In addition, Sports Shinko (Mililani) Co., Ltd., owns Sure Transportation Inc. (Collectively all of the above are the "SS-HI Entities").  *See* chart of entities attached as Exhibit "C."

8.    Venue is appropriate in Hawai`i.  SS Japan owns 89.1% of the interest in SS-USA, a company with its principal place of business and principal assets located in the jurisdiction of this U.S. District Court.  SS Japan's assets include debts owed by SS-USA and its subsidiaries.  Debts to SS Japan from SS-USA and its subsidiaries total more than fifty million U.S. dollars in principal and interest.

9.    The goal of the Japan Proceeding is the reorganization of the debtor company, SS Japan.  Due process is assured in the Japan Proceeding. The Bankruptcy Court in Osaka, Japan reviews the petition for reorganization proceeding, issues an adjudication of commencement of reorganization proceedings, and sets the period for submitting claims, the date for examining claims, and the date for the meeting of creditors.  In addition to public notice, individual notice of the above is sent to all creditors and other interest holders known to the Court. The Trustee is required to report periodically to the Court regarding the progress of the reorganization proceeding at creditors' meetings.

4

10.    After commencement of the reorganization proceeding, the Trustee (1) has an exclusive right to manage the corporate business, and dispose or otherwise deal with the properties of the company (JCRA Art. 53), (2) shall take over litigation against the debtor (JCRA Art. 69), (3) may rescind executory contracts (JCRA Art. 103), and (4) may avoid certain fraudulent or preferential transactions by the debtor (JCRA Arts. 77-92).

11.    The JCRA provides for the assessment by the Trustee of all the claims filed by creditors (JCRA Art. 180). There is no discrimination against foreign creditors. All creditors receive individual notice if the Trustee objects to a proof of claim (JCRA Art. 146). With certain exceptions, claims before commencement of the proceedings can only be paid in accordance with the reorganization plan submitted by the Trustee (JCRA Art. 112).

12.    The year 2000 Amendments to the JCRA include certain reciprocal provisions providing for cooperation with foreign bankruptcy trustees in foreign insolvency proceedings (JCRA Art. 289-2 to 289-5). In addition, a foreign representative of the bankruptcy proceeding may seek recognition and assistance under the Act concerning Recognition and Assistance of Foreign Bankruptcy Proceedings enacted in the year 2000.

13.    As discussed above, the JCRA: (a) provides for the just treatment of all holders of claims against the bankruptcy estate; (b) protects claim holders in the United States against any prejudice and inconvenience in

the processing of claims in the Japan Proceeding; (c) provides for avoidance of preferential or fraudulent transactions; and (d) provides for a fair distribution of the bankruptcy estate substantially in accordance with the procedure prescribed under the U.S. Bankruptcy Code.

14.    An employee of SS Japan delivered certain Sports Shinko documents to me that appear to indicate the former management concealed, siphoned off, and/or fraudulently transferred company assets, harming the interests of the SS-Japan's subsidiaries and SS-Japan.  According to the employee, the prior management ordered him to shred all such documents, but he saved some of the documents.

15.    Most of the information, witnesses, and other evidence related to the claims and assets of SS-Japan, the SS-HI Entities, and the SS-USA Entities are located in the jurisdiction of this Court, and discovery in the U.S. is needed to obtain information which will enable the Trustee to maximize the recovery on behalf of the creditors of SS Japan and its subsidiaries.  This discovery cannot be accomplished without the assistance of the U.S. Bankruptcy Court.

16.    Based on the foregoing, I believe granting the relief sought in the Petition to Commence Case Ancillary To Foreign Proceeding Under 11 U.S.C. § 304 is appropriate.

DATED:    OSAKA, JAPAN, _*November 20*_____, 2002

6

KEIJIRO KIMURA

211996-2/6850-3