ace ACK

# ORIGINAL

2160-1

Of Counsel:
BURKE McPHEETERS BORDNER & ESTES

WILLIAM A. BORDNER 1371-0
(bbordner@bmbe-law.com)
JOHN REYES-BURKE 6251-0
(jburke@bmbe-law.com)
Suite 3100 - Mauka Tower
Pacific Guardian Center
737 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 523-9833
Fax No. (808) 528-1656

Attorneys for Defendant
and Third-Party Plaintiff
FRANKLIN K. MUKAI

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 17 2006

at _____ o'clock and 4t min. P M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD., a Japanese corporation, | CIVIL NO. 04-00124 ACK/BMK (Consolidated Case) |
| Plaintiff, | DEFENDANT AND THIRD-PARTY PLAINTIFF FRANKLIN MUKAI'S SUPPLEMENTAL SUMMARY OF HAWAII STATE COURT ACTION BY PLAINTIFFS; DECLARATION OF JOHN REYES-BURKE; EXHIBIT A; CERTIFICATE OF SERVICE |
| vs. | |
| QK HOTEL, LLC, a Hawai`i limited liability company, KG HOLDINGS LLC, a Hawai`i limited liability company, FRANKLIN K. MUKAI, | |
| Defendants. | **HEARING:** |
| | **DATE:** **March 20, 2006** |
| | **TIME:** **1:30 P.M.** |
| | **JUDGE:** **Hon. Alan C. Kay** |
| | (No trial date assigned.) |

FRANKLIN K. MUKAI,

        Third-Party
        Plaintiff,

    vs.

SPORTS SHINKO (USA) CO.;
LTD., a Delaware corporation;
SPORTS SHINKO (HAWAII) CO.,
LTD., a Hawai`i corporation;
SPORTS SHINKO (MILILANI) CO.,
LTD., a Hawai`i corporation;
SPORTS SHINKO (KAUAI) CO.,
LTD., a Hawai`i corporation;
SPORTS SHINKO (PUKALANI)
CO., LTD., a Hawai`i corporation;
SPORTS SHINKO RESORT
HOTEL CORPORATION, a
Hawai`i corporation; SPORTS
SHINKO (WAIKIKI)
CORPORATION, a Hawai`i
corporation; and OCEAN RESORT
HOTEL CORPORATION, a
Hawai`i corporation,

        Third-Party
        Defendants.

_____

CIVIL NO.  04-00125 ACK/BMK

SPORTS SHINKO (USA) CO., LTD.,
a Delaware corporation,

        Plaintiff,

    vs.

PUKALANI GOLF CLUB, LLC, a
Hawai`i limited liability company; KG
MAUI DEVELOPMENT, LLC, a

Hawai`i limited liability company; KG
HOLDINGS, LLC, a Hawai`i limited
liability company, FRANKLIN K.
MUKAI,

                Defendants.

_____

FRANKLIN K. MUKAI,

                Third-Party
                Plaintiff,

   vs.

SPORTS SHINKO CO., LTD., a
Japan corporation, SPORTS
SHINKO (HAWAII) CO., LTD., a
Hawai`i corporation, SPORTS
SHINKO (MILILANI) CO., LTD., a
Hawai`i corporation, SPORTS
SHINKO (KAUAI) CO., LTD., a
Hawai`i corporation, SPORTS
SHINKO (PUKALANI) CO., LTD., a
Hawai`i i corporation, SPORTS
SHINKO RESORT HOTEL
CORPORATION, a Hawai`i
corporation, SPORTS SHINKO
(WAIKIKI) CORPORATION, a
Hawai`i corporation, and OCEAN
RESORT HOTEL
CORPORATION, a Hawai`i
corporation,

                Third-Party
                Defendants.

CIVIL NO.  04-00126 ACK/BMK

SPORTS SHINKO (USA) CO.,
LTD., a Delaware corporation,

          Plaintiff,

   vs.

KIAHUNA GOLF CLUB, LLC, a
Hawai`i limited liability company;
KG KAUAI DEVELOPMENT, LLC,
a Hawai`i limited liability company;
PUKALANI GOLF CLUB, LLC, a
Hawai`i limited liability company;
KG MAUI DEVELOPMENT, LLC, a
Hawai`i limited liability company;
MILILANI GOLF CLUB, LLC, a
Hawai`i limited liability company;
QK HOTEL, LLC, a Hawai`i limited
liability company; OR HOTEL, LLC,
a Hawai`i limited liability company,
and KG HOLDINGS, LLC, a Hawai`i
limited liability company, FRANKLIN
K. MUKAI,

          Defendants.

_____

FRANKLIN K. MUKAI,

          Third-Party
          Plaintiff,

   vs.

SPORTS SHINKO CO., LTD., a
Japan corporation, SPORTS
SHINKO (HAWAII) CO., LTD., a
Hawai`i corporation, SPORTS
SHINKO (MILILANI) CO., LTD., a

Hawai`i corporation, SPORTS
SHINKO (KAUAI) CO., LTD., a
Hawai`i corporation, SPORTS
SHINKO (PUKALANI) CO., LTD., a
Hawai`i corporation, SPORTS
SHINKO RESORT HOTEL
CORPORATION, a Hawai`i
corporation, SPORTS SHINKO
(WAIKIKI) CORPORATION, a
Hawai`i corporation, and OCEAN
RESORT HOTEL
CORPORATION, a Hawai`i
corporation,

                Third-Party
                Defendants.

---

CIVIL NO.  04-00127 ACK/BMK

SPORTS SHINKO CO., LTD., a
Japanese corporation,

                Plaintiff,

    vs.

OR HOTEL, LLC, a Hawai`i limited
liability company, KG HOLDINGS,
LLC, a Hawai`i limited liability
company, FRANKLIN K. MUKAI,

                Defendants.

---

FRANKLIN K. MUKAI,

                Third-Party
                Plaintiff,

    vs.

SPORTS SHINKO (USA) CO.;
LTD., a Delaware corporation;
SPORTS SHINKO (HAWAII) CO.,
LTD., a Hawai`i corporation;
SPORTS SHINKO (MILILANI) CO.,
LTD., a Hawai`i corporation;
SPORTS SHINKO (KAUAI) CO.,
LTD., a Hawai`i corporation;
SPORTS SHINKO (PUKALANI)
CO., LTD., a Hawai`i corporation;
SPORTS SHINKO RESORT
HOTEL CORPORATION, a
Hawai`i corporation; SPORTS
SHINKO (WAIKIKI)
CORPORATION, a Hawai`i
corporation; and OCEAN RESORT
HOTEL CORPORATION, a
Hawai`i corporation,

                Third-Party
                Defendants.

CIVIL NO.  04-00128 ACK/BMK

SPORTS SHINKO (USA) CO., LTD.,
a Delaware corporation,

                Plaintiff,

    vs.

MILILANI GOLF CLUB, LLC, a
Hawai`i limited liability company; KG
HOLDINGS LLC, Hawai`i limited
liability company, FRANKLIN K.
MUKAI,

                Defendants.

FRANKLIN K. MUKAI,

                Third-Party
                Plaintiff,

    vs.

SPORTS SHINKO CO., LTD., a
Japan corporation, SPORTS
SHINKO (HAWAII) CO., LTD., a
Hawai`i corporation, SPORTS
SHINKO (MILILANI) CO., LTD., a
Hawai`i corporation, SPORTS
SHINKO (KAUAI) CO., LTD., a
Hawai`i corporation, SPORTS
SHINKO (PUKALANI) CO., LTD., a
Hawai`i corporation, SPORTS
SHINKO RESORT HOTEL
CORPORATION, a Hawai`i
corporation, SPORTS SHINKO
(WAIKIKI) CORPORATION, a
Hawai`i corporation, and OCEAN
RESORT HOTEL
CORPORATION, a Hawai`i
corporation,

                Third-Party
                Defendants.

### DEFENDANT AND THIRD-PARTY PLAINTIFF
### FRANKLIN MUKAI'S SUPPLEMENTAL SUMMARY OF
### HAWAII STATE COURT ACTION BY PLAINTIFFS

       Pursuant to the instruction of the Court received March 16, 2006,

Defendant Franklin Mukai submits this summary of the related action in the

Circuit Court of the First Circuit, State of Hawaii.

I.    **Short Summary of the related state court case: Civil No. 02-1-2766-11, Circuit Court of the First Circuit, State of Hawaii**

On November 26, 2002, Sports Shinko Co., Ltd., Sports Shinko (USA) Co., Ltd., Sports Shinko (Kauai) Co., Ltd., Sports Shinko (Pukalani) Co., Ltd., Sports Shinko (Mililani) Co., Ltd. and Sports Shinko (Waikiki) Co., Ltd. brought suit in the Circuit Court of the First Circuit, State of Hawaii, in Civil No. 02-1-2766-11.

The named defendants were Resort Management Services (Hawai`i), Inc., Yasuo Nishida, Satoshi Kinoshita, Toshio Kinoshita, Takeshi Kinoshita, Toshiya Kinoshita, and Tsugio Fukuda.

The Plaintiffs alleged that these defendants were officers and/or directors of the various Sports Shinko entities, and as such owed fiduciary duties with respect to the disposition of the assets of the various Plaintiffs.

The Plaintiffs pleaded claims denominated as breach of fiduciary duty, "Fraudulent Transfers (Termination Fees and Stock Option Agreement)," and "Pukalani Residence" (presumably a further fraudulent transfer cause of action, see State court Complaint ¶¶ 53-54, attached as Exhibit "A").

Plaintiffs alleged (albeit incorrectly) that Franklin Mukai, Esq. was an officer of Sports Shinko (Hawaii) Co., Ltd. and each of the "Contracting Companies," i.e., the various subsidiary "Debtors" identified in the consolidated federal action, including Sports Shinko (Mililani) Co., Ltd.,

Sports Shinko (Kauai) Co., Ltd., Sports Shinko (Pukalani) Co., Ltd., and Sports Shinko (Waikiki) Corporation.  See Exhibit "A" at ¶ 20.[1]

On January 7, 2003, a First Amended Complaint was filed, which (1) dropped Sports Shinko Co., Ltd. as a plaintiff, and (2) added an "aiding and abetting breach of fiduciary duties" count.

The essence of the State Court action is that Sports Shinko USA was a creditor of the Mililani, Kauai and Pukalani entities, and Sports Shinko Japan was a creditor of the Mililani, Kauai and Waikiki entities.  Plaintiffs allege that in August 2000, certain defendants together with Mr. Mukai formed the "predecessor management companies," to allow certain individual defendants to benefit from fees paid thereunder.  However, after determining that the predecessor companies could be traced to the Kinoshita name, certain of the named defendants (excluding mention of Mr. Mukai) formed a new management company—Hotel Management services (Hawaii), Inc., which later changed its name to Resort Management Services (Hawaii), Inc.

Thereafter (and as alleged in the consolidated federal actions), Yasuo Nishida allegedly took control of Resort Management Services (Hawaii), Inc. for the benefit of the Kinoshita family, and entered management contracts with various Sports Shinko entities.  Each of the "Contracting Companies" was allegedly insolvent after October 2000.  It was alleged that

---

[1] In actual fact, and as reflected in the Answers filed on behalf of Mr. Mukai, he was an officer of Sports Shinko (Waikiki) Corporation (as well as Ocean Resort Hotel Corporation), and an accommodation Director of Sports Shinko Hawaii, Kauai, Mililani, Pukalani and Resort Hotel Corporation.  Moreover, Mr. Mukai resigned as a director of these companies after the Hawaii law requiring a Hawaii resident director was changed, and before the sale to KG Holdings, LLC.

no value was given by Resort Management Services (Hawaii), Inc., that $3.5 million in termination fees were provided for, and that the intent was to improperly transfer assets to the Kinoshita family.

It was further alleged that in January 2002 the Kinoshitas (i.e., Satoshi, Toshio, Takeshi, and Toshiya) caused the Sports Shinko entities to sell all properties managed under the agreements to a purchaser who did not assume the management contracts (i.e., KG Holdings, LLC), thereby triggering the obligation to pay termination fees to Resort Management Services (Hawaii), Inc. The allegedly inappropriate transfer of the Pukalani Residence is also alleged (as it is in the consolidated federal actions).

Satoshi Kinoshita appeared by way of answer filed February 3, 2003, and filed a cross-claim against Yasuo Nishida and Resort Management Services (Hawaii), Inc. Takeshi Kinoshita also appeared by way of answer filed March 7, 2003. Toshio Kinoshita appeared by way of Answer filed March 17, 2003, and similarly filed a cross-claim against Yasuo Nishida and Resort Management Services (Hawaii), Inc.

On March 24, 2003, Plaintiffs requested entry of default against Tsugio Fukuda.

Toshio Kinoshita was dismissed without prejudice by stipulation filed July 14, 2004.

On December 30, 2004, a Notice of Partial Dismissal of Claims Against Defendants Resort Management Services (Hawaii), Inc. and Yasuo Nishida With Prejudice was filed, dismissing all claims against them with prejudice. Neither party had appeared in the action. The Notice also noted that "[p]er the terms of the settlement agreement on the record, the Court will retain jurisdiction to enforce the settlement agreement."

On February 1, 2005, a stipulation to dismiss claims against Defendants Takeshi Kinoshita and Toshiya Kinoshita With Prejudice was filed, noting that Plaintiffs' claims against Satoshi Kinoshita and Tsugio Fukuda remain.

On August 30, 2005, Plaintiffs filed a Notice of Dismissal Of Claims Against Defendant Tsugio Fukuda Without Prejudice.  Since that time, the Hawaii State court records system (ho`ohiki) reflects only a continued status conference, and a declaration submitted in connection with a preliminary injunction by non-parties (or a misfiling).  The case is apparently still pending in the Circuit Court.

## II.    Status and Relationship or Impact on the Issues in the Cases Pending Before this Court.

Plaintiffs'[2] lawsuit filed in state court establishes substantial judicial admissions regarding both the conduct underlying Plaintiffs' claims herein, its attribution to Plaintiffs, and also establishes the expiration of the statute of limitations for at least all Plaintiffs' claims subject to a two-year limitations period.

---

[2] As noted above, the state court lawsuit was initially filed by both Sports Shinko Co., Ltd. (i.e., SS Japan) and Sports Shinko (USA) Co., Ltd. (i.e., SS USA) on November 26, 2002.  It is unclear why Plaintiff SS Japan dismissed its claims by way of the First Amended Complaint filed January 7, 2003, which removed reference to SS Japan as a plaintiff in the state suit.  SS Japan's bankruptcy was pending at the time of filing (according to a notice filed in AN No. 02-04131 (Bankruptcy D. Haw.) on April 28, 2004, SS Japan's bankruptcy was concluded on April 20, 2004). Therefore, presumably the Japanese Trustee in bankruptcy (and not SS Japan) was the proper party to the state court suit, and the amended complaint was an acknowledgment of that fact.

For example, Tsugio Fukuda, whom Plaintiffs sued and against whom Sports Shinko (USA) Co., Ltd. sought entry of default, is now apparently cooperating with Plaintiffs in this federal lawsuit. Plaintiffs have attempted to set up Mr. Fukuda as only peripherally involved in the bulk sale to the KG Defendants, contrary both to their allegations against him in the state court suit, and herein. Additionally, Plaintiffs' state court allegations against (and settlement agreements with) the "Insiders" and Resort Management Services (Hawaii), Inc. constitute further judicial admissions as to the involvement of the owners, directors, and officers of Plaintiffs in the alleged conduct underlying Plaintiffs' claims herein.

Additionally, the disposition of the state court action raises substantial questions regarding:

- The potential credits inuring to Mr. Mukai's benefit from consideration paid to Plaintiffs by settling defendants;

- Whether non-monetary value was extracted from the defendants who were dismissed apparently without monetary consideration;

- Whether any good faith determination will impact third-party claims herein (e.g., against the owners, directors and officers, as well as the other involved entities such as Resort Management Services (Hawaii), Inc. and Mr. Nishida); and

- The specific terms and conditions of the settlements with the defendants in the state court suit;

Mr. Mukai submits that the fact that Plaintiffs have pursued and settled (or abandoned, in the case of SS Japan) substantially similar claims premised on identical factual allegations renders the above-described

action in the Circuit Court of the First Circuit, as well as any other (undisclosed) litigation by or on behalf of the Sports Shinko entities, relevant both procedurally and substantively, including in the ways noted above.  However, at this time, Mr. Mukai's knowledge of these matters comes only from the public records, which do not disclose the material terms of the settlements and other disposition of the claims against the "Insiders" described in the various operative complaints in this consolidated action.

DATED:  Honolulu, Hawaii, March 17, 2006.

WILLIAM A. BORDNER
JOHN REYES-BURKE
Attorneys for Defendant and
Third-Party Plaintiff
FRANKLIN K. MUKAI