TABLE OF CONTENTS

I. Introduction ............................................................................................................ 1

II. The Court Fundamentally Misunderstands the Allegations Against
the KG Defendants .................................................................................................. 4

III. The Order Improperly Affords Special Powers To SS-Japan,
SS-USA and Goldman Sachs .................................................................................. 6

    A. Applying Japanese Law, The Court is Manifestly In Error
Concluding That Goldman Sachs or Plaintiffs Acquired
Special Rights To Pursue KG From The Bankruptcy Trustee..... 6

        1. The Law of Japan Is Controlling ....................................... 6

        2. The Order Misapplies Japan Law ..................................... 7

    B. Applying U.S. Law, The Court is Manifestly In Error
Concluding That Goldman Sachs or Plaintiffs Acquired
Special Rights To Pursue KG From The Bankruptcy Trustee..... 9

    C. Scholes and O'Melveny Do Not Support The Court's
Legal Conclusions ........................................................................ 12

IV. The "Sole Owner Rule" Should Be Applied
As A Matter Of Law .............................................................................................. 15

    A. Toshio and His Sons Had Complete Ownership of SS-Japan ..... 15

    B. Toshio Alone Controlled The SS Companies,
Notwithstanding His Sons' Ownership Interest .......................... 16

    C. SS-Japan, And Therefore Toshio, Owned 100% of SS-USA ...... 18

    D. SS-USA, and Therefore Toshio, Owned 100% of SS-
Hawaii, etc. ................................................................................... 18

    E. There is No Dispute that Toshio Approved The Sale of the
Hawaii Assets To KG................................................................... 19

    F. Toshio's Control is Sufficient to Invoke the Sole Owner
Rule As a Matter of Law ............................................................. 19

V. KG Disputes The Underlying Debts In This Case ............................... 20

TABLE OF CONTENTS (cont'd)

| | | |
|---|---|---:|
| VI. | The Plaintiff's Officers All Acted to Effectuate the Sale of the Mililani Property. The Transaction Was Not "Secret".......................... | 22 |
| VII. | The Sale of the Sewage Treatment Plant Was Part of the Same Transaction as the Sale of the Other Hawaii Properties To KG................. | 23 |
| VIII. | Conclusion ........................................................................................ | 25 |

# TABLE OF AUTHORITIES

**CASES**

<u>British Airways Bd. v. Boeing Co.</u>, 585 F.2d 946 (9th Cir. 1978) .................. 19

<u>Camerer v. California Sav. & Commercial Bank</u>, 48 P.2d 39 (Cal. 1935) ........................................................................................................ 14

<u>F.D.I.C. v. O'Melveny & Myers</u>, 61 F.3d 17 (9th Cir. 1995) ........................ 13-14

<u>Hays & Co., v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 885 F.2d 1149, (3d Cir. 1989) .................................................................... 10

<u>In re Leasing Consultants</u>, 592 F.2d 103 (2d Cir. 1978) ............................... 10

<u>In re Mediators</u>, 105 F.3d 822 (2d Cir. 1997) .............................................. 19-20

<u>In re Personal and Business Ins. Agency</u>, 334 F.3d 239 (3d Cir. 2003) ................................................................................................... 10

<u>Kim v. Co-op. Centrale Raiffeisen-Boerenleebank B.A.</u>, 364 F.Supp. 2d 346 (S.D.N.Y. 2005) ................................................................... 8

<u>McKesson HBOC, Inc. v. Islamic Republic of Iran</u>, 271 F.3d 1101 (D.C. Cir. 2001) ............................................................................... 8

<u>Official Committee of Unsecured Creditors v. R.F. Lafferty & Co.</u>, 267 F.3d 340 (3d Cir. 2001) ........................................................... 10, 11

<u>Official Committee of Unsecured Creditors of PSA, Inc. v. Edwards</u>, 437 F.3d 1145 (11th Cir. 2006) ...................................................... 11

<u>Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP</u>, 322 F.3d 147 (2nd Cir. 2003) .............................. 19-20

<u>Scholes v. Lehmann</u>, 56 F.3d 750 (7th Cir.), cert. denied, 516 U.S. 1028 (1995) ................................................................................. 12-14

**STATUTES**

11 U.S.C. § 541 ............................................................................................ 9-11

11 U.S.C. § 544(b) ....................................................................................... 10, 11

## TABLE OF AUTHORITIES (cont'd)

| | |
|---|---|
| 11 U.S.C. § 548 | 10, 11 |
| HRS § 247-1 | 24 |
| HRS Ch. 651C | 5 |

### OTHER AUTHORITIES

| | |
|---|---|
| 37 Am. Jur. 2d Fraudulent Conveyances and Transfers § 131 | 13 |
| F.R.Civ.P. 12(b) | 21 |
| F.R.Civ.P. 44.1 | 8 |
| F.R.Civ.P. 56 | 21, 26 |
| Japan Corporate Reorganization Law, Japan Law No. 172, June 7, 1952 | 1, 7 |
| Collier on Bankruptcy ¶ 323.02[4] | 10 |