IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD., a Japan corporation,<br>       Plaintiff,<br>  vs.<br>QK HOTEL, LLC, a Hawaii limited liability company, et al.,<br>       Defendants,<br>  and<br>FRANKLIN K. MUKAI,<br>       Third-Party Plaintiff,<br>  vs.<br>SPORTS SHINKO (USA) CO., LTD., a Delaware Corporation, et al.<br>AND CONSOLIDATED CASES | CV 04-00124 ACK-BMK<br>CV 04-00125 ACK-BMK<br>CV 04-00126 ACK-BMK<br>CV 04-00127 ACK-BMK<br>CV 04-00128 ACK-BMK<br><br>CONSOLIDATED CASES<br><br>DECLARATION OF WAYNE TANIGAWA |

**DECLARATION OF WAYNE TANIGAWA**

Pursuant to 28 U.S.C. § 1746, WAYNE TANIGAWA declares as follows:

1.    I am the Manager of PUKALANI GOLF CLUB, LLC ("PGC, LLC"), KG MAUI DEVELOPMENT, LLC ("KG Development"), and KG HOLDINGS, LLC ("KG Holdings") (collectively the "Defendants"). I make this declaration based on my personal knowledge and a review of certain of the records of the Defendants in this case.

2.    I make this declaration in support of Certain KG Defendants' Motion to Expunge the Notice of Pendency of Action, filed on February 20, 2004 and the

1

accompanying memorandum, in which the Defendants seek to expunge the Notice of Pendency of Action ("Lis Pendens") filed by Plaintiff Sports Shinko (USA) Co., Ltd. (the "Plaintiff").

3. In early 2002, the Defendants and their affiliates purchased a number parcels of real property and affiliated assets from subsidiaries of the Plaintiff as part of a bulk sale for $22 million, which included several neighboring parcels on the Island of Maui (the "Pukalani Properties").

4. With respect to the Pukalani Properties, the Defendants purchased (i) a golf course, the Pukalani Golf Club, which became an asset of PGC, LLC, and (ii) neighboring parcels suitable for development, which became assets of KG Development. The purchase of assets also included the purchase of all of the stock of Pukalani STP Co., Ltd., the entity owning a neighboring property upon which the Plaintiff's predecessor had developed a sewage treatment plant ("Pukalani STP").

5. As a condition of the sale, the Plaintiff's subsidiaries had required KG Holdings, LLC or one of its subsidiaries to acquire the stock of Pukalani STP Co., Ltd. The golf course parcel and development parcels are beneficiaries of the Pukalani STP, in that (i) the golf course is irrigated in part by effluent from the Pukalani STP, and (ii) the development parcels will require approval from Pukalani STP Co., Ltd. so that sewage from the developed parcels can be treated at

the Pukalani STP. In any event, the acquisition of the Pukalani STP was a condition of the sale for the sellers because the sellers did not want the liability of a sewage treatment plant, if they no longer owned the neighboring properties which were the beneficiaries of the sewage treatment plant.

6. The Defendants have been advised by their engineers that it would cost approximately $8.74 million to replace the Pukalani STP.

7. The Defendants understand that the rebuilt sewage treatment plant would also benefit certain other nearby parcels which belong to other owners. The owners of those parcels may contribute up to $4 million in the aggregate to rebuild the Pukalani STP. If they do, the Defendants will still have to bear the burden of the remaining $5 million.

8. The Pukalani STP would ordinarily borrow the funds for such a transaction. At least one lender, however, has advised the Defendants that it does not wish to hold as collateral property improved only with a sewage treatment plant.

9. Hence, PGC, LLC and KG Development, which own the properties that would be benefited by the plant, ordinarily will have to furnish mortgages upon their respective properties to collateralize the loan. However, as evidenced by the letter from Bank of Hawaii to the Defendants, dated June 16, 2006, a true and correct copy of which is attached to the Memorandum as Exhibit "A", lenders

conventionally do not wish to furnish loans secured by properties subject to a lis pendens.

10.  The Defendants will continue in their efforts to seek financing from lenders without a pledge of the properties, or with a pledge subject to the lis pendens, but at this juncture have not been able to secure a loan commitment upon such terms.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, June 27, 2006.

/s/ Wayne Tanigawa<br>
WAYNE TANIGAWA