PRICE OKAMOTO HIMENO & LUM

WARREN PRICE III          1212
ROBERT A. MARKS          2163
707 Richards Street, Suite 728
Honolulu, Hawaii  96813
Phone: 808.538.1113
Fax: 808.533.0549
E-mail:  wprice@pohlhawaii.com
        ram@pohlhawaii.com

Attorneys for Defendants
KG HOLDINGS, LLC, KIAHUNA
GOLF CLUB, LLC, KG KAUAI
DEVELOPMENT, LLC, PUKALANI
GOLF CLUB, LLC, KG MAUI
DEVELOPMENT, LLC, MILILANI
GOLF CLUB, LLC, QK HOTEL, LLC,
and OR HOTEL, LLC,

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD., a Japan corporation,<br><br>       Plaintiff,<br><br>   vs.<br><br>QK HOTEL, LLC, a Hawaii limited liability company, et al.,<br><br>       Defendants,<br>   and<br>FRANKLIN K. MUKAI,<br><br>       Third-Party Plaintiff,<br><br>   vs.<br><br>SPORTS SHINKO (USA) CO., LTD., a Delaware Corporation, et al., | CV 04-00124 ACK-BMK<br><br>CONSOLIDATED CASES<br><br>CERTAIN KG DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXPUNGE THE NOTICE OF PENDENCY OF ACTION; DECLARATION OF ROBERT A. MARKS; EXHIBITS D-F; WORD COUNT CERTIFICATE; CERTIFICATE OF SERVICE<br><br>DATE:    September 25, 2006<br>TIME:    9:30 a.m.<br>JUDGE:  Hon. Alan C. Kay |

|  |  |
|---|---|
| Third-Party Defendants. | |

| | |
|---|---|
| SPORTS SHINKO (USA) CO., LTD., a Delaware corporation, | CV 04-00125 ACK-BMK |
|        Plaintiff, | |
|    vs. | |
| PUKALANI GOLF CLUB, LLC, a Hawaii limited liability company, et al., | |
|        Defendants, | |
|    and | |
| FRANKLIN K. MUKAI, | |
|        Third-Party Plaintiff, | |
|    vs. | |
| SPORTS SHINKO CO., LTD., a Japan Corporation, et al., | |
|        Third-Party Defendants | |

| | |
|---|---|
| SPORTS SHINKO (USA) CO., LTD., a Delaware corporation, | CV 04-00126 ACK-BMK |
|        Plaintiff, | |
|    vs. | |
| KIAHUNA GOLF CLUB, LLC, a Hawaii limited liability company, et al., | |
|        Defendants, | |
|    and | |
| FRANKLIN K. MUKAI, | |
|        Third-Party Plaintiff, | |
|    vs. | |
| SPORTS SHINKO CO., LTD., a Delaware Corporation, et al., | |
|        Third-Party Defendants. | |

SPORTS SHINKO CO., LTD., a
Japan corporation,

        Plaintiff,

    vs.

OR HOTEL, LLC, a Hawaii limited
liability company, et al.,

        Defendants,

    and

FRANKLIN K. MUKAI,

        Third-Party Plaintiff,

    vs.

SPORTS SHINKO (USA) CO., LTD.,
a Delaware Corporation, et al.,

        Third-Party Defendants.

CV 04-00127 ACK-BMK

---

SPORTS SHINKO (USA) CO., LTD.,
a Delaware corporation,

        Plaintiff,

    vs.

MILILANI GOLF CLUB, LLC, a
Hawaii limited liability company; et
al.,

        Defendants,

    and

FRANKLIN K. MUKAI,

        Third-Party Plaintiff,

    vs.

SPORTS SHINKO CO., LTD., a
Japan Corporation, et al.,

        Third-Party Defendants.

CV 04-00128 ACK-BMK

## <u>TABLE OF CONTENTS</u>

Table of Authorities ......................................................................... iii

I.    INTRODUCTION ................................................................. 1

II.   LEGAL ARGUMENT ........................................................... 3

    A.    Hawaii Law Explicitly Requires That a *Lis Pendens*
      Be Based on an Action to "Directly … Obtain Title or
      Possession of Real Property" ....................................... 3

    B.    Plaintiff's Argument That Its Claims Support a *Lis
      Pendens*, Because They "Concern" the Real Property,
      Misstates Hawaii Law ................................................. 3

    C.    The Plaintiff in the Second Amended Complaint Does
      <u>Not</u> Seek Title or Possession of the Pukalani Properties ............. 5

    D.    An "Avoidance" Claim Under the Uniform Fraudulent
      Transfer Act Is Not a Claim to Directly Obtain Title to
      or Possession of the Alleged Fraudulently Transferred
      Property ....................................................................... 7

        1.    Plaintiff's Interpretation of §§7 and 8 of HUFTA
            Erroneously Rely On The Black's Law Dictionary
            Definition of "Avoid" Rather Than The Plain
            Language Of The Statute .................................... 8

            a.    The Court Should Rely On The Plain
                  Language of §§7 and 8 Rather Than
                  Black's Law Dictionary ......................... 9

            b.    Plaintiff Misstates The Court's Holding In
                  The DFS Case And Misleads The Court
                  With Its Citation To That Case ............... 9

            c.    HUFTA, Its Legislative History And Logic
                  Make It Clear That Plaintiff's Only Remedy
                  Is A Money Judgment ........................... 10

    E.    The Plaintiff's Rescission Claim Does Not Meet Hawaii's
      Lis Pendens Standard ................................................. 14

i

F.    The Presence of the Plaintiff's Subsidiary in the Case (Which Is an Indispensable Party to the Plaintiff's Theory of Avoidance and Rescission) Destroys This Court's Jurisdiction ................................................................ 14

G.    If the Court Finds That Plaintiff is Entitled to Rescission, the Defendants Would Be Entitled to a Lien on the Properties Under Haw. Rev. Stat. §651C-8(d)(1) For the Total Amount of Value Given for the Transfer .......................... 16

III.    CONCLUSION ........................................................................ 17

## TABLE OF AUTHORITIES

**<u>CASES</u>**

<u>Agricultural Research and Technology Group, Inc. v. Palm
Seedlings Partners-A</u>, 916 F.2d 528 (9th Cir. 1990) .................................... 11

<u>DFS Secured Healthcare Receivables Trust v. Caregivers'
Great Lakes, Inc.,</u> 384 F.3d 338 (7th Cir. 2004)........................................... 9, 10

<u>Forum Insurance Co. v. Devere Ltd.</u>, 151 F.Supp.2d 1145
(C.D.Cal 2001)................................................................................................. 8

<u>Fought & Co., Inc. v. Steel Eng'g & Erection, Inc.,</u>
87 Hawaii 37, 951 P.2d 487 (1998) ............................................................... 13

<u>Kirkeby v. The Superior Court of Orange County,</u>
33 Cal.4[th] 642, 93 P.3d 395 (2004) ............................................................... 3, 4

<u>Knauer v. Foote</u>, 101 Haw. 81, 63 P.3d 389 (2003) .................................... 3, 4, 5,
6

<u>Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.,</u>
204 F.3d 867 (9th Cir. 2000)........................................................................... 15

<u>Takeda v. Northwestern National Life Insurance Co.,</u>
765 F.2d 815 (9th Cir. 1985).......................................................................... 16

<u>TSA International Ltd. v. Shimizu Corp.</u>, 92 Haw. 243,
990 P.2d 713 (1999)......................................................................................... 4

<u>Urez Corp. v. The Superior Court of Los Angeles County,</u>
190 Cal.App.3d 1141, 235 Cal. Rptr. 837 (1987)......................................... 4

<u>S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club,</u>
75 Haw. 480, 866 P.2d 951 (1994) ............................................................... 1, 3, 4,
5, 6, 14

<u>Zola v. Gordon</u>, 685 F. Supp. 354 (1988).................................................... 5

## FEDERAL STATUTES

11 U.S.C. §550 ............................................................................. 11, 12, 13


## HAWAII STATUTES

Haw. Rev. Stat. §1-15 .................................................. 11

Haw. Rev. Stat. §634-51 ............................................. 3

Haw. Rev. Stat. §651C-1 et seq. ................................. 11

Haw. Rev. Stat. §651C-4 ............................................. 2, 7

Haw. Rev. Stat. §651C-5 ............................................. 2, 5, 7

Haw. Rev. Stat. §651C-7 ............................................. 5-10, 12-13

Haw. Rev. Stat. §651C-8 ............................................. 7-13, 16-17


## INDIANA STATUTES

Ind. Cod. §32-18-2-18 ................................................ 10


## LEGISLATIVE MATERIALS

Hawaii Sen. Stand. Comm. Rep. No. 372
reprinted in 1985 Sen.J. 1051 ..................................... 11


## UNIFORM LAW

Unif. Fraudulent Transfer Act § 7 ............................... 7, 8, 9, 10, 12, 13

Unif. Fraudulent Transfer Act § 8............................................................... 7, 9, 10, 11, 12, 13

Unif. Fraudulent Transfer Act § 8, comment 2 (1984)............................... 11, 12

CERTAIN KG DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO EXPUNGE THE
NOTICE OF PENDENCY OF ACTION

I.     INTRODUCTION

In the Motion to Expunge the Notice of Pendency of Action ("Motion"), the

Defendants[1] seek to expunge the Plaintiff's *lis pendens*, a true and correct copy of

which is attached hereto as Exhibit "D", on the grounds[2] that the Plaintiff's claims

are claims for economic damages, and not claims to obtain title or possession of

the subject properties, and therefore do not meet Hawaii's standard for a *lis*

*pendens* as set forth in S. Utsunomiya Enterprises, Inc. v. Moomuku Country Club,

75 Haw. 480, 510, 866 P.2d 951 (1994) (a *lis pendens* is "limited to actions

*directly* seeking to obtain title or possession of real property") (emphasis added).

The claims at issue in the Motion are the fraudulent transfer and rescission

claims set forth in Plaintiff's Second Amended Complaint, filed on July 12, 2005

("SAC "), a true and correct copy of which is attached hereto as Exhibit "E". In the

SAC, the Plaintiff claims that Defendants paid too little for the properties, and for

that reason, the sale of the properties to the Defendants should be avoided under

---

[1]     Defined terms in the Motion shall have the same meaning herein.

[2]     The Defendants stated in the Motion that relief from the *lis pendens* was
necessary to permit a pledge of the Pukalani Properties to obtain financing for
improvements to an adjacent sewage treatment plant. Recently, defendants secured
financing for this project (which is still conditional). Whether this financing is
ultimately obtained or not, it remains pertinent, however, as illustrative of the kind
of serious problems imposed upon an owner by an improperly filed *lis pendens*.

1

§§651C-4 and -5 of HUFTA as a fraudulent transfer, and that rescission of the sale should be ordered as an equitable remedy for its underlying claims. Claims under Haw. Rev. Stat. §§651C-4 and -5(a), however, do not provide a basis for a *lis pendens*, because they are not claims by which a creditor asserts a right to "title" or "possession" of the properties, but instead are claims only for a monetary judgment, which may be secured or satisfied by alternative remedies. Further, "rescission", a remedy and not a claim by itself, adds no more to the Plaintiff's claims for damages. The Plaintiff's interpretation of HUFTA in its Memorandum in Opposition to the Motion ("Opposition") -- that HUFTA allows either avoidance of the transfer or a money judgment -- is contrary to the plain language of HUFTA and contradicts legislative history, both of which establish that a creditor is not entitled to the "property", and for that reason is not entitled to file a *lis pendens*.

Additionally, in the Opposition, the Plaintiff misstates Hawaii's *lis pendens* standard, and attempts to replace it with a broader standard adopted in California, by alleging the issue is whether their claims "affect" title or the right to possession of real property. That is <u>not</u> the standard in Hawaii, and the SS Companies' citation to cases in other jurisdictions which adopted the California standard should be disregarded.

II.    <u>LEGAL ARGUMENT</u>

A.    Hawaii Law Explicitly Requires That a *Lis Pendens* Be Based on an
<u>Action to "Directly … Obtain Title or Possession of Real Property"</u>

In <u>Utsunomiya</u>, the Hawaii Supreme Court interpreted Hawaii's *lis pendens*

statute (Haw. Rev. Stat. § 634-51) and unambiguously set forth the standard for a

valid *lis pendens* in this state. The <u>Utsunomiya</u> Court determined that cases for

which a *lis pendens* is permitted are "limited to actions ***directly* seeking to obtain**

**title to or possession of real property**." <u>Utsunomiya</u>, 75 Haw. at 510 (emphasis

added); also see <u>Knauer v. Foote</u>, 101 Hawaii 81, 63 P.3d 389 (2003).  Indeed, the

Supreme Court in <u>Utsunomiya</u> found the phrase "concerning real property and

affecting title or right of possession of real property" in Hawaii's *lis pendens* statute

to be ambiguous, and determined that the "history of *lis pendens"* legislation is

"indicative of the intent to <u>restrict</u> rather than broaden application of *lis pendens*."

<u>Utsunomiya</u>, 75 Haw. at 965 (emphasis added).

B.    Plaintiff's Argument That Its Claims Support a *Lis Pendens*, Because
<u>They "Concern" the Real Property, Misstates Hawaii Law</u>

The Plaintiff misstates the issue in this case as being whether their claims

"relate to" (Opposition, at 5) "affect" (Opposition at 6), or "concern" (Opposition at

12) title or possession of real property. Having done so, Plaintiff then cites a

California case, <u>Kirkeby v. Superior Court of Orange County</u>, 33 Cal. 4th 642, 93

P.3d 395 (2004), for the proposition that an action under the Uniform Fraudulent

Transfer Act seeking avoidance of a transfer "affects" title to real property and is

3

therefore a real property claim for the purpose of the California *lis pendens*

statute.[3] However, the Hawaii Supreme Court has <u>expressly</u> <u>rejected</u> this standard.

In <u>Utsunomiya</u>, responding to the similar argument that a claim for an equitable

lien "affects" or "concerns" the land, the Hawaii Supreme Court observed that:

> [e]ssentially, the theory in these cases is that, although title or possession to the property in question was not sought, the transaction upon which the action was based and the action itself "concerned" the land. However, we find more persuasive the authority that holds that the *lis pendens* statute must be strictly construed and that the application of *lis pendens* should be limited to actions *directly* seeking to obtain title to or possession of real property.

<u>Utsunomiya</u>, 75 Haw. at 510; <u>see also</u> <u>Knauer v. Foote</u>, 101 Hawaii at 84 ("circuit

court properly expunged the *lis pendens* because none of Knauer's claims

attempted to obtain title or possession of the real property at issue"); <u>see also</u> <u>TSA</u>

<u>International Ltd. v. Shimizu Corp.</u>, 92 Hawaii 243, 267, 990 P. 2d 713 (1999)

("the application of a *lis pendens* should be limited to actions directly seeking to

obtain title to or possession of real property").[4]  In sum, the Hawaii standard for *lis*

---

[3]     In <u>Utsunomiya</u>, the Hawaii Supreme Court cited the reasoning of an <u>earlier</u> California Supreme Court decision, <u>Urez Corporation v. The Supreme Court of Los Angeles County</u>, 190 Cal. App.3d 1141, 235 Cal. Rptr. 837 (1987), for the principal enunciated in that case that a *lis pendens* is not permissible unless the claim goes to "legal title or possession of the subject property." <u>See</u> <u>Urez</u>, 190 Cal. App. 3d at 1149. Why the California Court in <u>Kirkeby</u> departed from the stricter standard in <u>Urez</u> is a matter of California law, not Hawaii law.

[4]     Plaintiff contends that <u>Utsunomiya</u> and <u>Knauer</u> "involved pure damages claims". Opposition at 12. Plaintiff's contention is false. In <u>Utsunomiya</u>, the *lis pendens* claimant asserted a right to an "equitable lien," and in <u>Knauer</u>, the *lis*

*pendens* is clearly stated by the controlling caselaw.  In adopting a strict standard for *lis pendens*, the Hawaii Supreme Court has clearly rejected the loose standard adopted by California.

  C.  The Plaintiff in The Second Amended Complaint Does <u>Not</u> Seek Title or Possession of the Pukalani Properties

The remaining question is whether, in asserting claims of fraudulent transfer and seeking the remedy of rescission, the Plaintiff is "directly" seeking to obtain title or possession of the subject properties.

"In determining the validity of a *lis pendens*, courts have generally restricted their review to the face of the complaint." <u>Utsunomiya</u>, 75 Haw. at 505; <u>Knauer</u>, 101 Hawaii at 83.  In the SAC, Plaintiff alleges two fraudulent transfer claims, and a "claim" for the remedy of rescission. <u>See</u> <u>Zola v. Gordon</u>, 685 F.Supp. 354, 374 (S.D.N.Y. 1988) ("Rescission is only a remedy, not a cause of action"). These allegations do not support the filing of the *lis pendens*.

Nowhere in Plaintiff's fraudulent transfer claims does Plaintiff assert that Plaintiff should have title or possession of the subject properties. Instead, in the first fraudulent transfer claim, Plaintiff alleges that Defendants paid too little for the subject properties (SAC ¶51) causing Defendants' purchase of the subject properties to be a fraudulent transfer under Haw. Rev. Stat. §651C-5(a), and

---

*pendens* claimant sought an injunction to prevent a conveyance for less than alleged fair value, a claim similar to that alleged here.

5

entitling Plaintiff to "<u>damages and all other appropriate remedies</u> authorized by Haw. Rev. Stat. §651C-7(a)." (SAC ¶52 (emphasis added)).

Likewise, in the second fraudulent transfer claim, Plaintiff alleges that its subsidiary sold the properties to the Defendants with the intent to hinder, delay, or defraud its creditors (SAC ¶54) and that as a result the Plaintiff is entitled to "<u>all other appropriate remedies</u> authorized by Haw. Rev. Stat. §651C-7(a)" (SAC ¶56 (emphasis added)).

Thus, the fraudulent transfer claims on their face are claims for money damages, a judgment for which may be enforceable by equitable remedies.

Plaintiff's claim for rescission (SAC ¶¶ 83 *et seq.*) requests an equitable remedy based upon other stated claims, none of which "directly" seek "title or possession" of the Pukalani Properties. The standard in <u>Utsunomiya</u> and <u>Knauer</u> is whether Plaintiff claims title or possession of the subject property, and not whether Defendants lose possession to someone else.

Plaintiff's prayer for relief does not seek to vest title or possession of the Pukalani Properties in Plaintiff. Plaintiff instead seeks: (i) avoidance of the transfers "to the extent necessary to satisfy Plaintiff's claim" and/or "any other relief appropriate under Haw. Rev. Stat. §651C-7(a)"; (ii) imposition of "a constructive trust on all assets transferred"; (iii) "an accounting of all revenues

received" by Defendants from the properties; and (iv) an award of "general, special, and punitive damages commensurate with the proof at trial".  SAC at 26-7.

Thus, from the face of the SAC, Plaintiff does not seek title to, or possession of, the properties.

> D.    An "Avoidance" Claim Under the Uniform Fraudulent Transfer Act Is Not a Claim to Directly Obtain Title to or Possession of the Alleged <u>Fraudulently Transferred Property</u>

The Plaintiff's "avoidance" claim under HUFTA is not a claim to "directly" obtain title or possession of the alleged fraudulently transferred property. Remedies that are available when a transfer is found to be fraudulent under Haw. Rev. Stat. §§651C-4 and -5 are set forth in Haw. Rev. Stat. §§651C-7 and -8.  Section 7(a) sets forth a successful creditor's remedies, <u>subject to express limitations</u>:

> (a) In any action for relief against a transfer or obligation under this chapter, a creditor, <u>subject to the limitations provided in section 651C-8</u>, may obtain:
>
>> (1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim; . . .

Haw. Rev. Stat. §651C-7(a) (emphasis added). Section 8(b), in turn, prescribes the nature and extent of the remedy available when a transfer is determined to be "voidable" under §7(a):

> (b) Except as otherwise provided in this section, <u>to the extent a transfer is voidable in an action by a creditor under section 651C-7(a)(1), the creditor may recover judgment for the value of the asset transferred, as adjusted under subsection (c) or the amount necessary to satisfy the creditor's claim, whichever is less</u>.

7

Haw. Rev. Stat. §651C-8(b) (emphasis added).

Thus, when read together, §§7 and 8 of HUFTA provide that when a creditor seeks "avoidance of the transfer to the extent necessary to satisfy the creditor's claim" (see Haw. Rev. Stat. §651C-7(a)(1)), the limit contained in §651C-8(b) applies - that is, the creditor's remedy is the lesser of: (i) "a judgment for the value of the asset transferred, as adjusted under subsection (c)", or (ii) "the amount necessary to satisfy the creditor's claim." In either case, the creditor does not recover the transferred property, and the judgment that the creditor obtains is for money damages – not title or possession.[5]

      1.    Plaintiff's Interpretation of §§7 and 8 of HUFTA Erroneously Relies On The Black's Law Dictionary Definition of "Avoid" Rather Than The Plain Language of the Statute

Plaintiff contends that: (i) the term "avoid" is governed by the Black's Law Dictionary definition, and therefore the transfer from Sports Shinko (Pukalani) Co., Ltd. ("SS Pukalani") must be "cancelled" or "set aside"; (ii) monetary damages are only appropriate where reconveyance of the fraudulent transferred property is impossible or where the subject property has depreciated in value, and (iii) §651C-8 includes the word "may", which "is permissive, not compulsory or

---

[5]    Plaintiff cites Forum Insurance Co. v. Devere Ltd., 151 F. Supp. 2d 1145 (C.D. Cal. 2001) for the proposition that the UFTA in some states may not allow money damages. In that case, however, the court overlooked that Section 8 expressly limits the remedies under Section 7 of UFTA, and thus never examined the import of the language in Section 8.

limiting", and therefore the alternative forms of judgment provided in the statute are not exclusive. Opposition at 7-8. Each of Plaintiff's contentions are without merit.

        a.      The Court Should Rely On The Plain Language of §§7 and 8 Rather Than Black's Law Dictionary

As noted, when the plain language of HUFTA §§7 and 8 are read together, avoidance does not automatically cause a change of title or possession of property by the creditor. Instead, the consequence of an avoidance is expressly prescribed in §8(b), to provide for a judgment for the value of the asset transferred, as adjusted under subsection (c), or the amount necessary to satisfy the creditor's claim, whichever is less.

Since the plain language of §§7 and 8 is clear, there is no need for this Court to rely upon the Black's Law Dictionary for the definition of "avoid", as Plaintiff suggests.

        b.      Plaintiff Misstates The Court's holding in the DFS Case and Misleads the Court With Its Citation To That Case

The Plaintiff misleads the Court when it cites DFS Secured Healthcare Receivables Trust v. Caregivers' Great Lakes, Inc. 384 F.3d 338 (7th Cir. 2004) for the proposition that money damages are only appropriate where reconveyance of the fraudulently transferred property is impossible or where the subject property has depreciated in value. In that case, after dicta relating to the "appropriateness of

money damages", the court certified the question to the Indiana Supreme Court,

never answering the question. <u>See</u> <u>DFS Secured Healthcare Receivables Trust</u>, 384

F.3d at 352-354.[6]

<blockquote>c.   HUFTA, its Legislative History and Logic Make It Clear<br>
<u>That Plaintiff's Only Remedy Is A Money Judgment</u></blockquote>

The language of HUFTA §§7 and 8 is clear. When a transfer is avoided, the

consequence is an appropriate money judgment (upon which the creditor may seek

execution or other conventional remedies). To the extent, however, the Court

determines that Plaintiff's interpretation of these sections give rise to an ambiguity,

the legislative history of HUFTA establishes the correctness of the Defendants'

position.

The Hawaii rules of statutory construction commend that the Court consider:

(i) the meaning of ambiguous words determined by "examining the context, with

which the ambiguous word, phrases, and sentences may be compared", and

---

[6]     Indiana's Supreme Court has accepted the certified question for decision. <u>DFS Secured Heath Care Receivables Trust v. Caregivers' Great Lakes, Inc.</u>, 2004 WL 2307967 (Ind. 2004). However there does not appear to be a reported decision on the certified question.  Note too that Indiana's version of §8(b) of UFTA (Ind. Cod. § 32-18-2-18) states "[e]xcept as otherwise provided in this <u>chapter</u>" (emphasis added), while the UFTA and HUFTA (Haw. Rev. Stat. §651C-8) both state "except as otherwise provided in this <u>section</u>" (emphasis added). The <u>DFS</u> court considered whether the word "chapter" implied that the plaintiff in that case may have alternative relief under Section 7 of the Indiana revision of the UFTA. Since the Hawaii legislature adopted the narrower formulation, such speculation has no place here. Further, in footnote 10 of the decision, the <u>DFS</u> court "assumed", because the parties did not contest the issue, that assets fraudulently transferred may be conveyed to the "creditor".

(ii) "the reason and spirit of the law, and the cause which induced the legislature to enact it." Haw. Rev. Stat. §1-15.

In adopting the Uniform Fraudulent Transfer Act ("UFTA"), the Hawaii Senate, in *Stand. Comm. Rep. No. 372,* reprinted in 1985 Haw. Sen.J. 1051, states that "[t]he Uniform Act is necessary to conform with the new Bankruptcy Act of 1978 and the Uniform Commercial Code." Further, the comments to UFTA state that "[s]ubsection [8](b) is derived from §550(a) of the Bankruptcy Code".[7] See Uniform Fraudulent Transfer Action § 8, cmt. (2) (1984).

Section 550(a) of the Bankruptcy Code (11 U.S.C. §550) sets forth the remedies available to a bankruptcy trustee when a transfer is avoided under the Bankruptcy Code:

> a) Except as otherwise provided in this section, to the extent that a transfer is avoided under . . . this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from- (Emphasis added.)

As noted in the Motion, a critical variation exists between §8 of HUFTA and §550 of the Bankruptcy Code. While under §550(a), the bankruptcy trustee (or debtor in possession) recovers either the property fraudulently conveyed or the

---

[7]    The Plaintiff suggests that the Defendants are merely assuming the intent of the drafters of UFTA, and that without demonstrating ambiguity, no recourse to the legislative history of the statute is permissible. It is clear from the title of Chapter 651C alone, which is "Uniform Fraudulent Transfer Act", that the Chapter is based upon that uniform law. See generally Agricultural Research and Technology Group, Inc. v. Palm Seedlings Partners, 916 F. 2d 528, 534 (9th Cir. 1990) (Hawaii adopted the Uniform Act on June 4, 1985, as Haw. Rev. Stat. §651C-1 *et seq.*).

value of such property, under §8(b) of HUFTA, the drafters deleted the language providing for the recovery of "the property transferred" and provided instead for the creditor to recover a judgment for the value of the property. See UFTA § 8 cmt. (2) (the "value of the asset transferred is limited to the value of the levyable interest on the transferor, exclusive of any interest encumbered by a valid lien"). That is, the drafters of the uniform act deleted the language of the Bankruptcy Code by which the "property" would be recovered.

Further, because a creditor which has successfully "avoided" a transfer under HUFTA recovers a money judgment, §§651C-7(a)(2) and (3) direct a complaining creditor to alternative prejudgment remedies that may be available to one who meets the respective tests for such remedies. In addition, §7(b) allows the creditor, if the Court so orders, a post-judgment remedy in execution. By contrast, Bankruptcy Code § 550, gives the trustee a right to recover "the property", and does not direct the trustee to these alternative remedies.

The different remedies afforded under HUFTA and §550 of the Bankruptcy Code are a logical reflection of the different relationship of the creditor (in a HUFTA case) and the trustee (in a bankruptcy case) to the underlying transaction. A trustee is acting for the estate of the debtor/transferor. Return of the property (rescission) to the trustee will restore the status quo ante because the debtor/ transferor previously owned the property.

12

In contrast, a HUFTA plaintiff's remedy, before and after the transfer, is for payment of a debt. Rescission in a UFTA case will only restore the property from the transferee to the <u>transferor/debtor</u>. The plaintiff/creditor has no entitlement to rescission since it never owned the transferred asset. The HUFTA plaintiff is therefore given the normal prejudgment remedies (HUFTA §7(a)) to facilitate collection on a money judgment.

In short, the different remedies afforded a plaintiff under §550 of the Bankruptcy Code versus HUFTA §8 reflect the obvious difference between the rights of a transferor versus a creditor of a transferor. It would be nonsensical to give a HUFTA creditor an entitlement to recover the property it never owned.[8]

---

[8]    The Plaintiff finally contends that the placement of "may" makes the remedy of a judgment merely "permissive", and therefore not exclusive. As illustrated above, this contention is contrary to the legislative history of HUFTA and contrary to the necessary implication arising from drafter's deletion of the remedy of recovery of the property. Accordingly, Plaintiff's construction is wrong and should be rejected by the Court. In any event, the Plaintiff's contention would torture the meaning of § 8(b) in its entirety, as the "judgment" prescribed within the language of the provision (and §8(c)), is an unambiguous expression of the available remedies. <u>See</u> also <u>Fought & Co., Inc. v. Steel Eng'g and Erection, Inc.</u>, 87 Hawaii 37, 55, 951 P.2d 487, 505 (1998) ("This court has consistently applied the rule of *expressio unius est exclusio alterius*--the express inclusion of a provision of a statute implies the exclusion of another--in interpreting statutes.") Note too that the term "may" is used in §550(c) of the Bankruptcy Code when describing the bankruptcy trustee's own remedies of recovering the property or obtaining a money judgment. The UFTA drafters, in modifying §550(a), simply kept the word "may" when deleting the alternative remedies available to the bankruptcy trustee.

E.     The Plaintiff's Rescission Claim Does Not Meet Hawaii's
       _Lis Pendens_ Standard

Plaintiff admits that its subsidiary, SS Pukalani, transferred the subject

properties to Defendants. Its request for the remedy of rescission is based on an

allegation that the transfer to Defendants was fraudulent and not that Plaintiff is

entitled to own or have possession of the subject properties. Instead, its rescission

claim is that certain assets that SS Pukalani once owned should be returned to that

transferor so that Plaintiff's claims <u>as creditors</u> of SS Pukalani may be satisfied.

Hence, it is not a claim for Plaintiff to have title to, or possession of, the property,

cognizable under <u>Utsunomiya</u>.

At most, rescission here would be an equitable remedy to aid Plaintiff in

collection of its monetary claims. The Court in <u>Utsunomiya</u> made clear that

allegations of equitable remedies asserted as a collateral means to collect monetary

claims will not support a _lis pendens_. <u>Id.</u>, at 511.

F.     The Presence of the Plaintiff's Subsidiary in the Case (Which Is
       an Indispensable Party to the Plaintiff's Theory of Avoidance and
       <u>Rescission) Destroys This Court's Jurisdiction</u>

The Plaintiff contends that by its avoidance claim, it seeks to "cancel" or

"annul" the transfer by its subsidiary (SS Pukalani in CV No. 04-00125) to the

Defendants. Its alleged remedy of rescission would similarly unwind the

transaction. Defendants have observed that the subsidiary transferor is an

"indispensable" party to such claims, without which these claims may not be

14

pursued.  Plaintiff agrees.  See KG Defendants' Motion for Summary Judgment filed January 13, 2006 at n.6 and 21.

The Plaintiff observes, however, that SS Pukalani and the other transferor-subsidiaries (collectively, the "Subsidiaries") became parties to the case when they were sued by Defendant Mukai, and then countersued Defendant Mukai and the Defendants as Third Party Counterclaimants, alleging the same claims as the Plaintiff had asserted. A true and correct copy of the Subsidiaries' Third Party Counterclaim is attached hereto as Exhibit "F". As a result, the Plaintiff argues that the indispensable party is not missing from the action.

While addressing the "indispensable party" issue, however, the Plaintiff's argument highlights a more severe issue, fatal to the Court's jurisdiction, since the presence of the Subsidiaries in this case asserting the same claims as the Plaintiff destroys diversity jurisdiction.  According to their Counterclaim, SS Pukalani and Sports Shinko (Hawaii) Co., Ltd., are Hawaii corporations. See Counterclaim ¶¶2 and 3. The Ninth Circuit has made clear that this Court "must align for jurisdictional purposes those parties whose interests coincide respecting the 'primary matter in dispute'". Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000). Not only are these parties' interests aligned with those of Plaintiff, their pleadings are virtually identical, they are under common control, and they are represented by the same counsel.  Compare Exhibits

"E" and "F".  Accordingly, Ninth Circuit law requires that the Court realign the
Subsidiaries with the Plaintiff in this case, since the parties' interests coincide with
respect to the "primary matter in dispute" -- the alleged avoidance of the transfer of
the Pukalani (and other) Properties to the Defendants. With the Subsidiaries
aligned as functional plaintiffs in the case, diversity jurisdiction is destroyed since
the Subsidiaries and the Defendants are Hawaii corporations.[9]

> G.    If the Court Finds That Plaintiff is Entitled to Rescission, the
> Defendants Would Be Entitled to a Lien on the Properties Under
> Haw. Rev. Stat. §651C-8(d)(1) For the Total Amount of Value
> Given for the Transfer

Haw. Rev. Stat. §651C-8(d)(1) provides that a good-faith transferee (here,
the Defendants) is entitled, to the extent of the value given the debtor (i.e., the
Plaintiff's Subsidiaries), to a lien upon the asset transferred. Accordingly, if the
Court were to determine that the Properties are to be subject to an attachment lien,
or execution, or even a "rescission" remedy, the Defendants would be entitled to a
first priority lien on the Pukalani Properties for the total amount of value given for
the transfer (in this case, the net purchase price plus amounts paid for additional
improvements and investments).

---

[9]     The Plaintiff may argue that since the Subsidiaries were not parties at the
beginning of the case, it was proper to bring the action in federal court. This
argument fails since indispensable parties (such as the Subsidiaries) must be
considered as having been present at the inception of the case. Takeda v.
Northwestern Life Insurance Co., 765 F. 2d 815 (9th Cir. 1985) (recognizing
exception to the rule that federal jurisdiction is not defeated by later changes when
addition of an indispensable party would destroy diversity).

The Plaintiff erroneously argues that the Defendants "admit" that the interests and ownership in the Pukalani Properties will change if the transfers are avoided under Haw. Rev. Stat. §651C-8 (i.e., the same provision that precludes a *lis pendens* because it prescribes damages). Opposition at 14. That is simply false. As explained, Plaintiff is not entitled to title upon an alleged "avoidance" of the transfer, and accordingly, is not entitled to file a *lis pendens*. However, if the Court were to grant rescission, or an attachment or other lien against the property, it would be subordinate to the lien afforded to the Defendants, as transferees under Haw. Rev. Stat. §651C-8(d)(1). This is <u>not</u> the "opposite" of the Defendants' position that the Plaintiff's claims in this case do not affect title to or possession of real property. It remains the Defendants' position that the Plaintiff is not entitled to title or possession of the Pukalani Properties for the reasons stated here and in the Motion.

III.    <u>CONCLUSION</u>

For the reasons set forth above, Defendants request that the Court grant their motion to expunge the *lis pendens*.

17

DATED: Honolulu, Hawaii, September 14, 2006.

/s/ Robert A. Marks
WARREN PRICE III
ROBERT A. MARKS

Attorneys for Defendants
KG HOLDINGS, LLC , KIAHUNA
GOLF CLUB, LLC, KG KAUAI
DEVELOPMENT, LLC, PUKALANI
GOLF CLUB, LLC, KG MAUI
DEVELOPMENT, LLC, MILILANI GOLF
CLUB, LLC, QK HOTEL, LLC, and
OR HOTEL, LLC,