# ORIGINAL

FILED
U.S. BANKRUPTCY COURT
DISTRICT OF HAWAII

02 NOV 25 PM 2: 58

Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

| | |
|---|---|
| PAUL ALSTON | 1126 |
| NEIL F. HULBERT | 1143 |
| GLENN T. MELCHINGER | 7135 |

18th Floor, Pacific Tower
1001 Bishop Street
Honolulu, Hawai·i 96813
Telephone: (808) 524-1800

Attorneys for Petitioner
Keijiro Kimura, Deputy Trustee in
Bankruptcy of SPORTS SHINKO
KABUSHIKI KAISHA

## UNITED STATES BANKRUPTCY COURT FOR THE

### DISTRICT OF HAWAI·I

## 02 – 04131

In re:                                   )   AN NO. _____
                                          )
SPORTS SHINKO KABUSHIKI KAISHA,)  **DECLARATION OF KEIJIRO
a Japan corporation,                 )   KIMURA IN SUPPORT OF
                                          )   PETITION TO COMMENCE CASE
          Debtor.                        )   ANCILLARY TO FOREIGN
                                          )   PROCEEDING UNDER 11 U.S.C.
                                          )   § 304; EXHIBITS "A"–"D"**

---

## DECLARATION OF KEIJIRO KIMURA
## IN SUPPORT OF PETITION TO COMMENCE CASE ANCILLARY TO
## FOREIGN PROCEEDING UNDER 11 U.S.C. § 304

I, KEIJIRO KIMURA, declare and testify under the penalty of perjury

as follows:

CERTIFIED as a true copy of the document on file at the
United States Bankruptcy Court, District of Hawaii.
Michael B. Dowling, Clerk of Court

By: _____

Deputy Clerk

Date: _____ 3 0 2006              No of pages: 33

EXHIBIT 1

1.    I am the duly appointed Deputy Trustee in the corporate reorganization proceeding (*kaisha-kosei tetsuzuki*) (the "Japan Proceeding") of Sports Shinko Kabushiki Kaisha, also known as Sports Shinko Co., Ltd., duly incorporated in Japan in 1959 ("SS Japan"). I am an agent of the duly appointed Trustee in the Japan Proceeding, Mutsuo Tahara (the "Trustee"). I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently thereto.

2.    I have been an attorney at law in Japan since April 1987. One of my fields of practice is bankruptcy law, and I have been involved in several bankruptcy cases in Japan as a bankruptcy trustee or deputy trustee. In 1993, I studied at Cornell Law School for a LLM, obtained a license to practice law in the State of New York and thereafter worked in a law firm in the United States. During practice in the United States, I was involved in a few international insolvency matters and reviewed the cases regarding Section 304 of Title 11 of the U.S. Code (the "U.S. Bankruptcy Code"). I am fluent in English and Japanese, and am familiar with the U.S. Bankruptcy Code.

3.    A true and correct copy of the Osaka Court documents starting the Japan Proceeding and appointing me as Deputy Trustee are attached to this declaration as Exhibit "A."

4.    The Japan Corporate Reorganization Act ("JCRA"), as amended in the year 2000, expressly abolishes territorial limits on the effect of

the Japan reorganization proceedings, so SS-Japan's overseas assets are to be dealt with by the Trustee in connection with the Japan Proceeding. The Trustee has authority to commence an ancillary proceeding and pursue claims for SS-Japan in the United States; as an agent of the Trustee, I have the authority to commence an ancillary proceeding.

5.    As Deputy Trustee, I seek to ascertain the location of all assets of the corporate estate, including assets held by subsidiaries. As part of my duties as Deputy Trustee, I was appointed president of SS Japan's various subsidiaries described in paragraphs 6 and 7 herein. I am familiar generally with the organization and structure of SS Japan and only certain of the various transactions involving SS Japan and its subsidiaries through the documents I have obtained; I believe that a substantial volume of documents and information has not been disclosed to me and prior management may have concealed or destroyed them.

6.    SS Japan is the parent corporation of Sports Shinko (USA) Co. Ltd. ("SS-USA"). SS Japan owns 89.1% of the stock of SS-USA. SS-USA owns all the stock of Sports Shinko (Hawaii) Co., Ltd. ("SS-Hawaii"), La Costa Hotel and Spa Corp., La Costa Co., Inc., Encinitas Resort Corp. and Sports Shinko (Florida) Co., Ltd. (the "SS-U.S. Entities"). *See* entity chart attached as Exhibit "B."

7.    SS-Hawaii owns the following subsidiaries:  Sports Shinko (Kauai) Co., Ltd.; Sports Shinko (Mililani) Co., Ltd.; Sports Shinko (Pukalani) Co.,

Ltd.; Pukalani STP Co., Ltd. and Sports Shinko Resort Hotel Corp ("SS-RH").

SS-RH owns Ocean Resort Hotel Corp. and Sports Shinko (Waikiki) Corp. In

addition, Sports Shinko (Mililani) Co., Ltd., owns Sure Transportation Inc.

(Collectively all of the above are the "SS-HI Entities"). *See* chart of entities

attached as Exhibit "C."

8.     Venue is appropriate in Hawai`i. SS Japan owns 89.1% of the

interest in SS-USA, a company with its principal place of business and principal

assets located in the jurisdiction of this U.S. District Court. SS Japan's assets

include debts owed by SS-USA and its subsidiaries. Debts to SS Japan from

SS-USA and its subsidiaries total more than fifty million U.S. dollars in principal

and interest.

9.     The goal of the Japan Proceeding is the reorganization of the

debtor company, SS Japan. Due process is assured in the Japan Proceeding.

The Bankruptcy Court in Osaka, Japan reviews the petition for reorganization

proceeding, issues an adjudication of commencement of reorganization

proceedings, and sets the period for submitting claims, the date for examining

claims, and the date for the meeting of creditors. In addition to public notice,

individual notice of the above is sent to all creditors and other interest holders

known to the Court. The Trustee is required to report periodically to the Court

regarding the progress of the reorganization proceeding at creditors' meetings.

10.    After commencement of the reorganization proceeding, the Trustee (1) has an exclusive right to manage the corporate business, and dispose or otherwise deal with the properties of the company (JCRA Art. 53), (2) shall take over litigation against the debtor (JCRA Art. 69), (3) may rescind executory contracts (JCRA Art. 103), and (4) may avoid certain fraudulent or preferential transactions by the debtor (JCRA Arts. 77-92).

11.    The JCRA provides for the assessment by the Trustee of all the claims filed by creditors (JCRA Art. 180). There is no discrimination against foreign creditors. All creditors receive individual notice if the Trustee objects to a proof of claim (JCRA Art. 146). With certain exceptions, claims before commencement of the proceedings can only be paid in accordance with the reorganization plan submitted by the Trustee (JCRA Art. 112).

12.    The year 2000 Amendments to the JCRA include certain reciprocal provisions providing for cooperation with foreign bankruptcy trustees in foreign insolvency proceedings (JCRA Art. 289-2 to 289-5). In addition, a foreign representative of the bankruptcy proceeding may seek recognition and assistance under the Act concerning Recognition and Assistance of Foreign Bankruptcy Proceedings enacted in the year 2000.

13.    As discussed above, the JCRA: (a) provides for the just treatment of all holders of claims against the bankruptcy estate; (b) protects claim holders in the United States against any prejudice and inconvenience in

the processing of claims in the Japan Proceeding; (c) provides for avoidance of preferential or fraudulent transactions; and (d) provides for a fair distribution of the bankruptcy estate substantially in accordance with the procedure prescribed under the U.S. Bankruptcy Code.

14.    An employee of SS Japan delivered certain Sports Shinko documents to me that appear to indicate the former management concealed, siphoned off, and/or fraudulently transferred company assets, harming the interests of the SS-Japan's subsidiaries and SS-Japan. According to the employee, the prior management ordered him to shred all such documents, but he saved some of the documents.

15.    Most of the information, witnesses, and other evidence related to the claims and assets of SS-Japan, the SS-HI Entities, and the SS-USA Entities are located in the jurisdiction of this Court, and discovery in the U.S. is needed to obtain information which will enable the Trustee to maximize the recovery on behalf of the creditors of SS Japan and its subsidiaries. This discovery cannot be accomplished without the assistance of the U.S. Bankruptcy Court.

16.    Based on the foregoing, I believe granting the relief sought in the Petition to Commence Case Ancillary To Foreign Proceeding Under 11 U.S.C. § 304 is appropriate.

DATED:    OSAKA, JAPAN,    _November 20_____, 2002

KEIJIRO KIMURA

[Translation]

2002 (MI) No. 1 and 2002 (MI) No. 2

# DECISION

Identification of Parties:  As per attached

The Court hereby renders its decision as per the following in connection with the petitions for commencement of corporate reorganization [*kaisha kosei*] proceedings filed by the petitioners identified above.

## Formal Adjudication

1   Reorganization [*kosei*] proceedings shall be commenced with respect to Sports Shinko Co., Ltd.

2   The following individual shall be appointed as Trustee of the abovenamed company:

        Mutsuo Tahara, Esq.
        7th Floor, Umegae Chuo Building
        4-4-18 Nishi-Tenma, Kita-ku, Osaka

3   (1) Date of Initial Meeting of Parties at Interest:   2:00PM, September 5, 2002

    (2) Deadline for filing reorganization claims [*kosei saiken*] and reorganization security interests [*kosei tanpoken*]:      July 31, 2002

    (3) Date for investigation of reorganization claims [*kosei saiken*] and reorganization security interests [*kosei tanpoken*]:    1:30PM, September 27, 2002

4   (1) Deadline for filing of proposed reorganization plan by Trustee:     May 30, 2003

    (2) Deadline for filing of proposed reorganization plan[s] by the reorganizing company (directors), reorganization creditors [*kosei saikensha*] and reorganization secured parties [*kosei tanpokensha*] who have filed [their claims], and shareholders:      May 30, 2003

5   The Trustee shall require authorization from the Court in order to undertake any of the following acts:

    (1) Disposition (including the establishment of security interests) or leasing of any major assets

    (2) Taking assignment of any major assets

    (3) Borrowing money (excluding promissory note discounting)

    (4) Filing lawsuits or petitioning for preservative measures

    (5) Settlements and waivers

EXHIBIT A

(6) Approval of common-benefit obligations [*kyoeki saiken*] (excluding any such items arising out of daily transactions or employment relationships) or rights of resumption [*torimodoshi-ken*]

(7) Demand for extinguishment of any rights of retention [*ryuchiken*] pursuant to the provisions of Article 161-2 of the Corporate Reorganization Act [*Kaisha Kosei-ho*] or conversion of any security in connection with any reorganization security interests [*kosei tanpoken*]

(8) Any changes to employee salaries or disbursement of any lump-sum amounts, including but not limited to bonuses

(9) Disbursement of any lump-sum amounts, including but not limited to severance pay, retirement pay and advance notice stipends

(10) Transactions with any companies for which the Trustee serves as an officer

6   In addition to filing any documentation and reports prescribed under Articles 178 and 179 of the Corporate Reorganization Act [*Kaisha Kosei-ho*], the Trustee shall report the progress of each month's trustee activities to the Court in a timely manner.

7   The Trustee shall furnish a report regarding the items prescribed under Article 180 of the Corporate Reorganization Act [*Kaisha Kosei-ho*] no later than the day preceding the Initial Meeting of Parties at Interest.

8   (1) Debtors of the reorganizing company and/or parties in possession of any assets of the reorganizing company may not make any payments against their debt nor deliver any assets in their possession to the reorganizing company (directors).
    (2) Any parties described above shall report the fact that they have [existing] liabilities with respect to the reorganizing company and/or the fact that they are in possession of assets of the reorganizing company to the Trustee prior to the deadline for filing reorganization claims [*kosei saiken*] set forth above.

## Grounds

The Court finds that concern exists that facts may arise which would precipitate the bankruptcy of the Respondent in 2002 (MI) No. 1 (the Petitioner in 2002 (MI) No. 2). In addition, the Court does not recognize [the existence of] any facts corresponding to any of the items under Article 38 of the Corporate Reorganization Act [*Kaisha Kosei-ho*].

Whereby, given the existence of grounds for each of the Petitions, the Court hereby admits same, commences reorganization [*kosei*] proceedings and, applying Articles 46, 189, 190, 54, 178, 179, 181 and 180 of the abovementioned Act, renders its decision as set forth in the Formal Adjudication [above].

6th Civil Division, Osaka District Court

Chief Justice:          The Honorable Hiroshi Mori
                        The Honorable Hiroyuki Kawai
                        The Honorable Sadao Hori

# List of Parties

**2002 (MI) No. 1**

Petitioner (Creditor):            The Resolution and Collection Corporation
                                  2-46-1 Honcho, Nakano-ku, Tokyo 164-0012
                                  Representative of Petitioner:  Akio Kioi
                                               Representative Director

Agent/Manager of Record [*Shihainin*] of abovenamed Petitioner:   Kaoru Nakajima
                                                                  1-7-7 Bakuromachi
                                                                  Chuo-ku, Osaka 541-0059

Counsel for abovenamed Petitioner:        Takeo Masaki, Esq.
                                          3F Forum Minamimorimachi
                                          2-1-20 Minamimorimachi, Kita-ku, Osaka 530-0054

Counsel for abovenamed Petitioner:        Haruki Maeda
                                          3F, Kita Building No. 2
                                          4-6-19 Nishi-Tenma, Kita-ku, Osaka 530-0047

Counsel for abovenamed Petitioner:        Kenji Moriguchi
                                          4F, Nishi-Tenma Park Building No. 2
                                          5-1-15 Nishi-Tenma, Kita-ku, Osaka 530-0054

Counsel for abovenamed Petitioner:        Toshiyuki Enochi
                                          8F, Goto Building
                                          2-2-6 Doshomachi, Chuo-ku, Osaka 541-0045

(Venue for Service)
Counsel for abovenamed Petitioner:        Kazutoshi Shimada
                                          5F, Minamimorimachi Marui Building
                                          1-3-27 Minamimorimachi, Kita-ku, Osaka 530-0054
                                          Tel: 06-6361-8277
                                          Fax: 06-6361-8363

Respondent (Debtor):                      Sports Shinko Co., Ltd.
                                          Naniwa Building, 4-12 Banzaicho
                                          Kita-ku, Osaka 104-0061
                                          Representative of Respondent: Toshio Kinoshita
                                                        Representative Director
                                          Branch: Sports Shinko Building
                                                  3-7 Kanda-Ogawamachi, Chiyoda-ku, Tokyo

**2002 (MI) No. 2**

Petitioning Company:            Sports Shinko Co., Ltd.
                                Naniwa Building, 4-12 Banzaicho, Kita-ku, Osaka 530-0028
                                Representative of Respondent:    Toshio Kinoshita
                                                                Representative Director

(Venue for Service)

Counsel for abovenamed Petitioning Company:

|   |   |
|---|---|
| "          " | Toshiaki Imanaka, Esq. |
| "          " | Ryuichi Murabayashi, Esq. |
| "          " | Kazuhide Urata, Esq. |
| "          " | Tsukasa Matsumoto, Esq. |
| "          " | Masato Tsujikawa, Esq. |
| "          " | Tetsu Iwatsubo, Esq. |
| "          " | Tomoko Fukabori, Esq. |
| "          " | Toru Okamura, Esq. |
| "          " | Tetsuo Tanaka, Esq. |
| "          " | Yoshitaka Morisue, Esq. |
| "          " | Koki Terashi, Esq. |
| "          " | Hiroshi Inoue, Esq. |
| "          " | Yasuo Yamagata, Esq. |
| "          " | Kosuke Niwa, Esq. |
| "          " | Masako Ogata, Esq. |

Kansai Law and Patent Office
12F, Kodera Plaza
2-5-23 Kitahama
Chuo-ku, Osaka 541-0041
Tel: 06-6231-3210
Fax: 06-6231-3377

Counsel for abovenamed Petitioning Company:

|   |   |
|---|---|
| "          " | Hiroshi Hattori, Esq. |
| "          " | Masayuki Tani, Esq. |
| "          " | Hiroaki Yoshida, Esq. |
| "          " | Kazuhisa Enomoto, Esq. |

Ginza City Law Office
8F, Daishin Building
1-8-14 Ginza
Chuo-ku, Tokyo 104-0061
Tel: 03-3561-8686
Fax: 03-3561-8685

This is an authenticated copy.

Dated as per the above at the Court identified above.

Katsutoshi Toyota  [Seal]
Clerk of the Court

平成１４年（ミ）第１号，同第２号

決　　　定

当事者の表示　別紙のとおり

　上記申立人らの申立てに係る会社更生手続開始申立事件について，当裁判所は次のとおり決定する。

主　　　文

１　スポーツ振興株式会社について更生手続を開始する。

２　上記会社の管財人に次の者を選任する。

　　　　大阪市北区西天満４丁目４番１８号梅ヶ枝中央ビル７階

　　　　　　弁護士　田　原　睦　夫

３（１）　第１回関係人集会の期日

　　　　　　平成１４年９月５日午後２時００分

　（２）　更生債権及び更生担保権の届出期間

　　　　　　平成１４年７月３１日まで

　（３）　更生債権及び更生担保権の調査の期日

　　　　　　平成１４年９月２７日午後１時３０分

４（１）　管財人が更生計画案を提出すべき期間

　　　　　　平成１５年５月３０日まで

　（２）　更生会社（取締役），届出をした更生債権者及び更生担保権者並びに株主が更生計画案を提出できる期間

　　　　　　平成１５年５月３０日まで

５　管財人が次に掲げる行為をするには，当裁判所の許可を得なければならない。

　（１）　重要な財産の処分（担保権の設定を含む）及び賃貸

　（２）　重要な財産の譲受

　（３）　借財（手形割引を除く）

　（４）　訴訟の提起及び保全処分の申立て

　（５）　和解及び権利の放棄

（６）　共益債権（但し，日常の取引または雇用関係によって生ずるものを除く）及び取戻権の承認

（７）　会社更生法１６１条の２の規定による留置権の消滅請求その他の更生担保権にかかる担保の変換

（８）　従業員の給料改定及び賞与等一時金の支給

（９）　従業員の解雇，退職金及び予告手当等一時金の支給

（１０）管財人が役員をしている会社との取引

６　管財人は，会社更生法１７８条，１７９条所定の書類の提出及び報告の他，毎月の管財事務の推移を遅滞なく当裁判所に報告しなければならない。

７　管財人は，会社更生法１８０条所定の事項についての報告を，第１回関係人集会の前日までにしなければならない。

８（１）更生会社の債務者または更生会社の財産の所持者は，更生会社（取締役）に対して債務の弁済をしたり，所持する財産を交付してはならない。

（２）上記の者は，更生会社に対して債務を負担し，または更生会社の財産を所持していることを，前記の更生債権届出期間内に管財人に届け出なければならない。

理　　由

平成１４年（ミ）第１号事件被申立人（同第２号事件申立人）には，破産の原因たる事実の生ずるおそれがあると認められる。また，本件において会社更生法３８条各号に該当する事実は認められない。

よって，本件申立てはいずれも理由があるので，これらを認容して更生手続を開始することとし，同法４６条，１８９条，１９０条，５４条，１７８条，１７９条，１８１条，１８０条を各適用して主文のとおり決定する。

平成１４年５月３１日午後５時００分

大阪地方裁判所第６民事部

裁判長裁判官　　森　　　　宏　　司

裁判官　　河　合　裕　行

裁判官　　堀　　　禎　男

当　事　者　目　録

平成１４年（ミ）第１号


〒１６４〜００１２　東京都中野区本町２丁目４６番１号
　　　　　　　　　　申立人（債権者）　　　　　株式会社整理回収機構
　　　　　　　　　　上記代表者代表取締役　　　鬼　迫　明　夫
〒５４１〜００５９　大阪市中央区博労町１丁目７番７号
　　　　　　　　　　上記申立人代理人支配人　　中　島　　　整
〒５３０〜００５４　大阪市北区南森町２丁目１番２０号　フォーラム南森町３階
　　　　　　　　　　上記申立人代理人弁護士　　正　木　丈　雄
〒５３０〜００４７　大阪市北区西天満４丁目６番１９号　北ビル２号館３階
　　　　　　　　　　同　　　　　　　　　　　　前　田　春　樹
〒５３０〜００５４　大阪市北区西天満５丁目１番１５号　西天満パークビル２号館４階
　　　　　　　　　　同　　　　　　　　　　　　守　口　建　治
〒５４１〜００４５　大阪市中央区道修町２丁目２番６号　後藤ビル８階
　　　　　　　　　　同　　　　　　　　　　　　江　後　利　幸

（送達場所）

〒５３０〜００５４　大阪市北区南森町１丁目３番２７号　南森町丸井ビル５階
　　　　　　　　　　同　　　　　　　　　　　　島　田　和　俊
　　　　　　　　　　　　　　　　　　　　　　電　話　０６−６３６１−８２７７
　　　　　　　　　　　　　　　　　　　　　　ＦＡＸ　０６−６３６１−８３６３
〒１０４〜００６１　大阪市北区万歳町４番１２号　浪速ビル
　　　　　　　　　　（支店）東京都千代田区神田小川町３丁目７番地スポーツ振興ビル
　　　　　　　　　　被申立人（債務者）　　　　スポーツ振興株式会社
　　　　　　　　　　上記代表者代表取締役　　　木　下　俊　雄


平成１４年（ミ）第２号


〒５３０〜００２８　大阪市北区万歳町４番１２号　浪速ビル
　　　　　　　　　　申立会社　　　　　　　　　スポーツ振興株式会社
　　　　　　　　　　上記代表者代表取締役　　　木　下　俊　雄

〔送達場所〕

〒５４１－００４１　大阪市中央区北浜２丁目５番２３号　小寺プラザ１２階
　　　　　　　　　関西法律特許事務所

電　話　０６－６２３１－３２１０
ＦＡＸ　０６－６２３１－３３７７

上記申立会社代理人弁護士　　今　中　利　和
同　　　　　　　　　　　　　村　林　隆　一
同　　　　　　　　　　　　　浦　田　和　栄
同　　　　　　　　　　　　　松　本　　　司
同　　　　　　　　　　　　　辻　川　正　人
同　　　　　　　　　　　　　岩　坪　　　哲
同　　　　　　　　　　　　　深　堀　知　子
同　　　　　　　　　　　　　奥　村　　　徹
同　　　　　　　　　　　　　田　中　哲　生
同　　　　　　　　　　　　　森　末　尚　孝
同　　　　　　　　　　　　　赫　　　高　規
同　　　　　　　　　　　　　井　上　裕　史
同　　　　　　　　　　　　　山　形　康　郎
同　　　　　　　　　　　　　丹　羽　浩　介
同　　　　　　　　　　　　　縞　方　雅　子

〒１０４－００６１　東京都中央区銀座１丁目８番１４号　大新ビル８階
　　　　　　　　　銀座シティ法律事務所

電　話　０３－３５６１－８６８６
ＦＡＸ　０３－３５６１－８６８５

上記申立会社代理人弁護士　　服　部　弘　志
同　　　　　　　　　　　　　谷　　　正　之
同　　　　　　　　　　　　　吉　田　広　明
同　　　　　　　　　　　　　榎　本　一　久

これは正本である
同日同庁
裁判所書記官　豊田勝利 

ALL-STATE® LEGAL  800-222-0510  ED11  RECYCLED 

# Sports Shinko (USA) Co., Ltd.



**Sports Shinko (USA) Co., Ltd.**
*Established 8/5/87*

*Incorporated in Delaware*

**Sports Shinko (Hawaii) Co., Ltd.**
*Established 7/30/85*
*Incorporated in Hawaii*

**La Costa Hotel & Spa Corp.**
*Established 11/19/87*
*Incorporated in California*

**La Costa (TDMK) Co., Inc.**
*Established 1/6/89*
*Incorporated in California*

**Encinitas Resort Corp.**
*Established 6/12/90*
*Incorporated in California*

**Sports Shinko (Florida) Co., Ltd.**
*Established 9/15/87*
*Incorporated in Delaware*

**EXHIBIT B**



Sports Shinko (Hawaii) Co., Ltd.

Sports Shinko (Hawaii) Co., Ltd.
Established 7/30/85.
Incorporated in Hawaii.

Sports Shinko (Kauai) Co., Ltd.
Established 5/5/86
Incorporated in Hawaii

Sports Shinko (Mililani) Co., Ltd.
Established 11/24/86
Incorporated in Hawaii

Sure Transportation
Established 12/2/87
Incorporated in Hawaii

Sports Shinko (Pukalani) Co., Ltd.
Established 12/10/87
Incorporated in Hawaii

Pukalani STP Co., Ltd.
Established 12/10/87
Incorporated in Hawaii

Ocean Resort Hotel Corp.
Established 12/8/89
Incorporated in Hawaii

Sports Shinko Resort Hotel Corp.
Established 12/7/89
Incorporated in Hawaii

Sports Shinko (Waikiki) Corp.
Established 5/2/90
Incorporated in Hawaii



EXHIBIT C

[Translation]

No. 14-1-1

2002 (MI) No. 1 and 2002 (MI) No. 2

# Authorization Request

To:     6th Civil Division
        Osaka District Court

May 31, 2002

Reorganizing Company:     Sports Shinko Co., Ltd.
Trustee:                  Mutsuo Tahara [Seal]

No. 1   Nature of Request for Authorization

In order to carry out my day-to-day duties, I am hereby seeking authorization to appoint the attorneys identified on the attached exhibit to serve as my deputy trustees.

No. 2   Basis for Authorization Request

The abovenamed reorganizing company employs a large number of employees and operates golf courses, etc.  In addition to its head office, [said company] has business locations in Osaka, the Kanto region, Chugoku, Shikoku and Kyushu, etc. and its operations are carried out in conjunction with other Sports Shinko group companies.  In order for me to carry out my duties, it is therefore absolutely essential that I appoint deputy trustees in each respective region.

Wherefore, I am hereby seeking authorization to appoint the attorneys identified on the attached exhibit to serve as my deputy trustees.

EXHIBIT D

Exhibit

| Name | Zip Code | Address | Tel/Fax Numbers |
|---|---|---|---|
| 1  Toshiaki Higashibata | 530-0047 | Kita Law Offices<br>204 Kita Building No. 1<br>4-7-1 Nishi-Tenma, Kita-ku, Osaka | Tel: 06(6365)7770<br>Fax: 06(6365)7248 |
| 2  Yasuyuki Nakai | 541-0041 | Dojima Law Offices<br>2-3-9 Kitahama, Chuo-ku, Osaka | Tel: 06(6201)4456<br>Fax: 06(6201)0362 |
| 3  Keijiro Kimura | 541-0041 | Kyoei Law Offices<br>8F, Orix Yodoyabashi Building<br>3-5-22 Kitahama, Chuo-ku, Osaka | Tel: 06(6222)5755<br>Fax: 06(6222)6788 |
| 4  Takashi Hattori | 530-0047 | Habataki Law Offices<br>7F, Umegae Chuo Building<br>4-4-18 Nishi-Tenma, Kita-ku, Osaka | Tel: 06(6363)7800<br>Fax: 06(6363)8200 |
| 5  Atsushi Toki | 101-0048 | Meitetsu Sogo Law Office<br>3F, Hidenaga Kanda Building<br>2-10-8 Kanda-Tsukasamachi<br>Chiyoda-ku, Tokyo | Tel: 03(5298)8833<br>Fax:03(3258)8830 |
| 6  Kazuhiko Morikawa | 730-0005 | Hakushima Law Offices<br>8-1 Nishi-Hakushimacho<br>Naka-ku, Hiroshima | Tel: 082(223)1133<br>Fax: 082(223)1233 |
| 7  Kazuaki Kuroki | 810-0042 | Kuroki & Uchida<br>5F, Nisshin Building<br>1-6-15 Akasaka, Chuo-ku, Fukuoka | Tel: 092(752)7878<br>Fax: 092(725)5353 |
| 8  Nobuhiro Kagoike | 763-0024 | Kagoike Law Offices<br>7-2 Shiowaku [?], Marugame<br>Kagawa Prefecture | Tel: 0877(23)2620<br>Fax: 0877(23)9592 |

This request is hereby authorized.

May 31, 2002

6th Civil Division, Osaka District Court

Chief Judge:    The Honorable Hiroshi Mori

The Honorable Hiroyuki Kawai

The Honorable Sadao Hori

This is a certified copy.

Dated as per the above at the Court identified above.

Clerk of the Court:    Toshihiko Kawabata  [Seal]

No. 14-1-1

平成１４年（ミ）第１号，同２号

# 許 可 申 請 書

大 阪 地 方 裁 判 所
　　第 ６ 民 事 部　御 中

　　　　　　　　　　　平 成 １ ４ 年 ５ 月 ３ １ 日

　　　　　　更 生 会 社 　 ス ポ ー ツ 振 興 株 式 会 社

　　　　　　　　管 財 人 　 田 原 　 睦 　 夫

第１　許可申請の趣旨
　　　当職の常務を処理するために，別紙記載の弁護士を当
　　職の管財人代理として選任したく許可を求める。

第２　許可申請の理由
　　　上記更生会社は，多数の従業員を雇傭して，ゴルフ場
　　等を経営している。営業拠点も本社ほか，大阪，関東地
　　区，中国，四国，九州等に及んでおり，また，他のスポ
　　ーツ振興グループ企業と一体して，その業務が遂行され
　　ており，当職がその職務を遂行するには，各地に当職の
　　管財人代理を選任することが不可欠である。
　　　よって，別紙のとおりの弁護士を当職の管財人代理と
　　して選任したく許可を求める。

別紙

| | 氏名 | 郵便番号 | 住所 | 電話・FAX番号 |
|---|---|---|---|---|
| 1 | 東島敏明 | 530－0047 | 大阪市北区西天満4－7－1<br>北ビル1号館204北総合法律事務所 | Tel.06(6365)7770<br>Fax.06(6365)7248 |
| 2 | 中井康之 | 541－0041 | 大阪市中央区北浜2－3－9<br>堂島法律事務所 | Tel.06(6201)4456<br>Fax.06(6201)0362 |
| 3 | 木村圭二郎 | 541－0041 | 大阪市中央区北浜3－5－22<br>オリックス淀屋橋ビル8階共栄法律事務所 | Tel.06(6222)5755<br>Fax.06(6222)6788 |
| 4 | 服部敬 | 530－0047 | 大阪市北区西天満4－4－18<br>梅ヶ枝中央ビル7階はばたき綜合法律事務所 | Tel.06(6363)7800<br>Fax.06(6363)8200 |
| 5 | 土岐敦司 | 101－0048 | 東京都千代田区神田司町2－10－8<br>秀永神田ビル3階明哲綜合法律事務所 | Tel.03(5298)8833<br>Fax.03(3258)8830 |
| 6 | 森川和彦 | 730－0005 | 広島市中区西白島町18－1<br>白島綜合法律事務所 | Tel.082(223)1133<br>Fax.082(223)1233 |
| 7 | 黒木和彰 | 810－0042 | 福岡市中央区赤坂1－6－15<br>日新ビル5階黒木・内田法律事務所 | Tel.092(752)7878<br>Fax.092(752)5353 |
| 8 | 籠池信宏 | 763－0024 | 香川県丸亀市塩飽町7－2<br>籠池法律事務所 | Tel.0877(23)2620<br>Fax.0877(23)9592 |

本件申請を許可する。

平成 14 年 5 月 31 日

大阪地方裁判所第 6 民事部

裁判長裁判官　森　　　宏　司

裁判官　河　合　裕　行

裁判官　堀　　　禎　男

これは謄本である。

同日同庁

裁判所書記官　川端　利彦 

[Translation]

2002 (MI) No. 1 and 2002 (MI) No. 2

# Certification Request

Sports Shinko Co., Ltd.
Naniwa Building
4-12 Banzaicho, Kita-ku, Osaka

In connection with the corporate reorganization [*kaisha kosei*] proceedings with respect to the abovenamed company under 2002 (MI) No. 1 and 2002 (MI) No. 2, I hereby request certification of the following information.

1. Date/Time at which the Court rendered its Decision to Commence Corporate Reorganization [*kaisha kosei*] with respect to the abovenamed company:

    5:00PM, May 31, 2002

2. The appointment of the following individual as sole trustee:

    (1) Office:    Habataki Law Office
    7F, Umegae Chuo Building
    4-4-18 Nishi-Tenma, Kita-ku, Osaka

    (2) Name of Trustee:  Mutsuo Tahara

3. Registered Seal Impression of the abovenamed Trustee:

    ┌─────────────────────┐
    │  [Seal Impression]  │
    └─────────────────────┘

October 1, 2002

To:    6th Civil Division
Osaka District Court

Abovenamed Trustee: Mutsuo Tahara [Seal]

The above is hereby certified.

October 1, 2002
6th Civil Division, Osaka District Court
Clerk of the Court: Toshihiko Kawabata  [Seal]

平成14年（ミ）第1号，同第2号

# 証 明 申 請 書

大阪市北区万歳町4番12号浪速ビル
スポーツ振興株式会社

　上記会社に対する平成14年（ミ）第1号，同第2号会社更生事件について，下記の事項を証明願います。

記

1　上記会社が御庁で会社更生開始決定を受けた日時
　　平成14年5月31日　午後5時00分

2　次の者が唯一の管財人に選任されたこと

　①　事　務　所　　大阪市北区西天満4丁目4番18号
　　　　　　　　　　梅ヶ枝中央ビル7階はばたき綜合法律事務所

　②　管財人氏名　　田　原　睦　夫

3　上記管財人の届出済の印影



平成14年10月1日

　大阪地方裁判所
　第6民事部　御中
　　　　　　上記管財人　　田　原　睦　夫　

## 上 記 証 明 す る。

平成14年10月1日
　大阪地方裁判所　第6民事部
　　　裁判所書記官　　川　端　利 

[Translation]

2002 (MI) No. 1, 2002 (MI) No. 2

# Certification Request

Sports Shinko Co., Ltd.
Naniwa Building
4-12 Banzaicho, Kita-ku, Osaka

In connection with the corporate reorganization [*kaisha kosei*] proceedings with respect to the abovenamed company under 2002 (MI) No. 1 and 2002 (MI) No. 2, I hereby request certification of the following information.

1. Date/Time at which the Court rendered its Decision to Commence Corporate Reorganization [*kaisha kosei*] with respect to the abovenamed company:

    5:00PM, May 31, 2002

2. The appointment of the following individual as Deputy Trustee by Trustee Mutsuo Tahara and receipt of authorization of the Court [with respect to said appointment]:

    (1) Office:    Kyoei Law Office
    8F, Orix Yodoyabashi Building
    3-5-22 Kitahama, Chuo-ku, Osaka

    (2) Name of Deputy Trustee: Keijiro Kimura

October 15, 2002

To:    6th Civil Division
Osaka District Court

Abovenamed Trustee: Mutsuo Tahara [Seal]

The above is hereby certified.

October 15, 2002
6th Civil Division, Osaka District Court
Clerk of the Court: Tsukasa Funatani [Seal]

平成14年（ミ）第1号、同第2号

# 証 明 申 請 書

大阪市北区万歳町4番12号浪速ビル
スポーツ振興株式会社

　　上記会社に対する平成14年（ミ）第1号，同第2号会社更生事件について，
下記の事項を証明願います。

記

1　上記会社が御庁で会社更生開始決定を受けた日時
　　平成14年5月31日　午後5時00分

2　次の者が管財人田原睦夫により管財人代理に選任され、御庁の許可を受けていること

　①　事　務　所　　大阪市中央区北浜3－5－22　オリックス淀屋橋ビル8階
　　　　　　　　　　共栄法律事務所

　②　管財人代理氏名　　木　村　圭　二　郎

平成14年10月15日

　大阪地方裁判所
　第6民事部　御中

　　　　　　　　上記管財人　弁護士　　田　原　睦　夫 

# 上　記　証　明　す　る。

平成14年10月15日
　大阪地方裁判所　第6民事部
　　　　裁判所書記官　　　　舟　谷　司