PRICE OKAMOTO HIMENO & LUM

WARREN PRICE III               1212
ROBERT A. MARKS                2163
707 Richards Street, Suite 728
Honolulu, Hawaii  96813
Phone: 808.538.1113
Fax: 808.533.0549
E-mail: ram@pohlhawaii.com

SIMON KLEVANSKY                3217-0
ALIKA L. PIPER                 6949-0
CARISA LIMA KA'ALA HEE         7372-0
Suite 1400, Fort Street Tower
745 Fort Street
Honolulu, Hawaii  96813
Phone:  (808) 524-0155
Fax:  (808) 531-6963
E-mail: sklevansky@ggik.com
        apiper@ggik.com;
        kaalahee@ggik.com

Attorneys for Defendants, Counterclaimants
and Third-Party Plaintiffs KG HOLDINGS,
LLC, KIAHUNA GOLF CLUB, LLC,
KG KAUAI DEVELOPMENT, LLC,
PUKALANI GOLF CLUB, LLC,
KG MAUI DEVELOPMENT, LLC,
MILILANI GOLF CLUB, LLC,
QK HOTEL, LLC, AND OR HOTEL, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD., a Japanese corporation, | CV 04-00124 ACK-BMK CONSOLIDATED CASES |
| Plaintiff, | |
| vs. | CONSOLIDATED ANSWERS OF DEFENDANTS KG HOLDINGS, LLC, KIAHUNA GOLF CLUB, |
| QK HOTEL, LLC, a Hawai'i limited | |

liability company; KG HOLDINGS, LLC, a Hawai'i limited liability company and FRANKLIN K. MUKAI,

        Defendants,

    and

FRANKLIN K. MUKAI, QK HOTEL, LLC, a Hawaii limited liability company and KG HOLDINGS LLC, a Hawaii limited liability company,

        Third-Party Plaintiffs,

    vs.

SPORTS SHINKO (KAUAI) CO., LTD., a Hawaii corporation, SPORTS SHINKO (WAIKIKI) CORPORATION, a Hawaii corporation, SPORTS SHINKO (MILILANI) CO., LTD., a Hawaii corporation, SPORTS SHINKO (PUKALANI) CO., LTD., a Hawaii corporation, and SPORTS SHINKO (HAWAII) CO., LTD., a Hawaii corporation and SPORTS SHINKO RESORT HOTEL CORPORATION, a Hawaii corporation,

        Third-Party Defendants,

    and

SPORTS SHINKO (HAWAII) CO., LTD., a Hawai'i corporation; SPORTS SHINKO RESORT HOTEL CORPORATION, a Hawai'i corporation; and SPORTS SHINKO (WAIKIKI) CORPORATION, a Hawai'i corporation,

        Third-Party Defendants / Counterclaimants,

    vs.

LLC, KG KAUAI DEVELOPMENT, LLC, PUKALANI GOLF CLUB, LLC, KG MAUI DEVELOPMENT, LLC, MILILANI GOLF CLUB, LLC, QK HOTEL, LLC, AND OR HOTEL, LLC TO: 1) THIRD AMENDED COMPLAINT (QUEEN KAPIOLANI HOTEL) (CV No. 04-00124 ACK-BMK); 2) THIRD AMENDED COMPLAINT (PUKALANI) (CV No. 04-00125 ACK-BMK); 3) SECOND AMENDED COMPLAINT (KAUAI) (CV No. 04-00126 ACK-BMK); 4) THIRD AMENDED COMPLAINT (OCEAN RESORT HOTEL) (CV No. 04-00127 ACK-BMK); 5) THIRD AMENDED COMPLAINT (MILILANI) (CV 04-00128 ACK-BMK); COUNTERCLAIM; CERTIFICATE OF SERVICE

QK HOTEL, LLC, a Hawai'i limited
liability company; KG HOLDINGS, LLC,
a Hawai'i limited liability company; and
FRANKLIN K. MUKAI,

        Third-Party Counterclaim
        Defendants

_____

SPORTS SHINKO (USA) CO., LTD.,
a Delaware corporation,

        Plaintiff,

    vs.

PUKALANI GOLF CLUB, LLC, a
Hawaii limited liability company and
KG MAUI DEVELOPMENT, LLC, a
Hawaii limited liability company, KG
HOLDINGS LLC, a Hawaii limited
liability company, FRANKLIN K.
MUKAI,

        Defendants,

    and

FRANKLIN K. MUKAI, PUKALANI
GOLF CLUB, LLC, a Hawaii limited
liability company and KG MAUI
DEVELOPMENT, LLC, a Hawaii
limited liability company and KG
HOLDINGS LLC, a Hawaii limited
liability company

        Third-Party Plaintiffs,

    vs.

SPORTS SHINKO (KAUAI) CO.,
LTD., a Hawaii corporation, SPORTS
SHINKO (WAIKIKI)
CORPORATION, a Hawaii
corporation, SPORTS SHINKO

CV NO. 04-00125 ACK-BMK

(MILILANI) CO., LTD., a Hawaii corporation, SPORTS SHINKO (PUKALANI) CO., LTD., a Hawaii corporation, and SPORTS SHINKO (HAWAII) CO., LTD., a Hawaii corporation and SPORTS SHINKO RESORT HOTEL CORPORATION, a Hawaii corporation,

   Third-Party Defendants,

  and

SPORTS SHINKO CO., LTD., a Japanese corporation; SPORTS SHINKO (HAWAII) CO., LTD., a Hawai'i corporation; and SPORTS SHINKO (PUKALANI) CO., LTD., a Hawai'i corporation,

   Third-Party Defendants / Counterclaimants,

  vs.

PUKALANI GOLF CLUB, LLC, a Hawai'i limited liability company; KG MAUI DEVELOPMENT, LLC, a Hawai'i limited liability company; KG HOLDINGS, LLC, a Hawai'i limited liability company; and FRANKLIN K. MUKAI,

   Third-Party Counterclaim Defendants.

_____

SPORTS SHINKO (USA) CO., LTD., a Delaware corporation,

   Plaintiff,

  vs.

KIAHUNA GOLF CLUB, LLC, a

CV 04-00126 ACK-BMK

4

Hawaii limited liability company; KG
KAUAI DEVELOPMENT, LLC, a
Hawaii limited liability company;
PUKALANI GOLF CLUB, LLC, a
Hawaii limited liability company; KG
MAUI DEVELOPMENT, LLC, a
Hawaii limited liability company;
MILILANI GOLF CLUB, LLC, a
Hawaii limited liability company; QK
HOTEL, LLC, a Hawaii limited
liability company; OR HOTEL, LLC, a
Hawaii limited liability company; KG
HOLDINGS, LLC, a Hawaii limited
liability company, FRANKLIN K.
MUKAI,

        Defendants,

   and

FRANKLIN K. MUKAI, KIAHUNA
GOLF CLUB, LLC, a Hawaii limited
liability company; KG KAUAI
DEVELOPMENT, LLC, a Hawaii
limited liability company; PUKALANI
GOLF CLUB, LLC, a Hawaii limited
liability company; KG MAUI
DEVELOPMENT, LLC, a Hawaii
limited liability company; MILILANI
GOLF CLUB, LLC, a Hawaii limited
liability company; QK HOTEL, LLC, a
Hawaii limited liability company; OR
HOTEL, LLC, a Hawaii limited
liability company; and KG
HOLDINGS, LLC, a Hawaii limited
liability company,

        Third-Party Plaintiffs,

   vs.

SPORTS SHINKO (KAUAI) CO.,
LTD., a Hawaii corporation, SPORTS
SHINKO (WAIKIKI)

CORPORATION, a Hawaii corporation, SPORTS SHINKO (MILILANI) CO., LTD., a Hawaii corporation, SPORTS SHINKO (PUKALANI) CO., LTD., a Hawaii corporation, SPORTS SHINKO (HAWAII) CO., LTD., a Hawaii corporation and SPORTS SHINKO RESORT HOTEL CORPORATION, a Hawaii corporation,

                  Third-Party Defendants,

    and

SPORTS SHINKO (HAWAII) CO., LTD., a Hawai'i corporation and SPORTS SHINKO (KAUAI) CO., LTD., a Hawai'i corporation,

            Third-Party Defendants / Counterclaimants,

    vs.

KIAHUNA GOLF CLUB, LLC, a Hawaii limited liability company; KG KAUAI DEVELOPMENT, LLC, a Hawai'i limited liability company; PUKALANI GOLF CLUB, LLC, a Hawai'i limited liability company; KG MAUI DEVELOPMENT, LLC, a Hawai'i limited liability company; QK HOTEL, LLC, a Hawai'i limited liability company; OR HOTEL, LLC, a Hawai'i limited liability company; KG HOLDINGS, LLC, a Hawai'i limited liability company; and FRANKLIN K. MUKAI,

            Third-Party Counterclaim Defendants.

_____

SPORTS SHINKO CO., LTD., a
Japanese corporation,

       Plaintiff,

   vs.

OR HOTEL, LLC, a Hawaii limited
liability company, KG HOLDINGS,
LLC, a Hawaii limited liability
company, FRANKLIN K. MUKAI,

       Defendants,

   and

FRANKLIN K. MUKAI, OR HOTEL,
LLC, a Hawaii limited liability
company and KG HOLDINGS, LLC, a
Hawaii limited liability company,

       Third-Party Plaintiffs,

   vs.

SPORTS SHINKO (KAUAI) CO.,
LTD., a Hawaii corporation, SPORTS
SHINKO (WAIKIKI)
CORPORATION, a Hawaii
corporation, SPORTS SHINKO
(MILILANI) CO., LTD., a Hawaii
corporation, SPORTS SHINKO
(PUKALANI) CO., LTD., a Hawaii
corporation, SPORTS SHINKO
(HAWAII) CO., LTD., a Hawaii
corporation and SPORTS SHINKO
RESORT HOTEL CORPORATION, a
Hawaii corporation,

       Third-Party Defendants,

   and

SPORTS SHINKO (HAWAII) CO.,
LTD., a Hawai'i corporation; SPORTS
SHINKO RESORT HOTEL
CORPORATION, a Hawai'i

CV 04-00127 ACK-BMK

corporation; and SPORTS SHINKO
(WAIKIKI) CORPORATION, a
Hawai'i corporation,

        Third-Party Defendants /
        Counterclaimants,

   vs.

OR HOTEL, LLC, a Hawai'i limited
liability company; KG HOLDINGS,
LLC, a Hawai'i limited liability
company; and FRANKLIN K.
MUKAI,

        Third-Party Counterclaim
        Defendants.

_____

SPORTS SHINKO (USA) CO., LTD.,
a Delaware corporation,

        Plaintiff,

   vs.

MILILANI GOLF CLUB, LLC, a
Hawaii limited liability company; KG
HOLDINGS LLC, a Hawaii limited
liability company, FRANKLIN K.
MUKAI,

        Defendants,

   and

FRANKLIN K. MUKAI, MILILANI
GOLF CLUB, LLC, a Hawaii limited
liability company and KG HOLDINGS
LLC, a Hawaii limited liability
company,

        Third-Party Plaintiffs,

   vs.

SPORTS SHINKO (KAUAI) CO.,

CV 04-00128 ACK-BMK

LTD., a Hawaii corporation, SPORTS
SHINKO (WAIKIKI)
CORPORATION, a Hawaii
corporation, SPORTS SHINKO
(MILILANI) CO., LTD., a Hawaii
corporation, SPORTS SHINKO
(PUKALANI) CO., LTD., a Hawaii
corporation, SPORTS SHINKO
(HAWAII) CO., LTD., a Hawaii
corporation and SPORTS SHINKO
RESORT HOTEL CORPORATION, a
Hawaii corporation,

> Third-Party Defendants,

   and

SPORTS SHINKO CO., LTD., a Japan
Corporation, SPORTS SHINKO
(PUKALANI) CO., LTD., a Hawaii
corporation, SPORTS SHINKO
(HAWAII) CO., LTD., a Hawaii
corporation, SPORTS SHINKO
(MILILANI) CO., LTD., a Hawaii
corporation,

> Third-Party Defendants/
> Counterclaimants,

   vs.

MILILANI GOLF CLUB, LLC, a
Hawaii limited liability company; KG
HOLDINGS, LLC, a Hawaii limited
liability company, FRANKLIN K.
MUKAI,

> Third-Party Counterclaim
> Defendants.

_____

CONSOLIDATED ANSWERS OF DEFENDANTS KG HOLDINGS, LLC,
KIAHUNA GOLF CLUB, LLC, KG KAUAI DEVELOPMENT, LLC,
PUKALANI GOLF CLUB, LLC, KG MAUI DEVELOPMENT, LLC, MILILANI
GOLF CLUB, LLC, QK HOTEL, LLC, AND OR HOTEL, LLC TO: 1) THIRD
AMENDED COMPLAINT (QUEEN KAPIOLANI HOTEL); (CV No. 04-00124
ACK-BMK); 2) THIRD AMENDED COMPLAINT (PUKALANI) (CV No. 04-
00125 ACK-BMK), 3) SECOND AMENDED COMPLAINT (KAUAI) (CV No.
04-00126 ACK-BMK), 4) THIRD AMENDED COMPLAINT (OCEAN RESORT
HOTEL) (CV No. 04-00127 ACK-BMK), and 5) THIRD AMENDED
<u>COMPLAINT (MILILANI) (CV No. 04-00128 ACK-BMK)</u>

Defendants KG HOLDINGS, LLC, KIAHUNA GOLF CLUB, LLC, KG

KAUAI DEVELOPMENT, LLC, PUKALANI GOLF CLUB, LLC, KG MAUI

DEVELOPMENT, LLC, MILILANI GOLF CLUB, LLC, QK HOTEL, LLC, and

OR HOTEL, LLC, through their counsel, Price Okamoto Himeno & Lum, by this

consolidated answer, hereby answer the Second Amended Complaint filed against

them in CV Nos. 04-00126 on July 12, 2005, and the Third Amended Complaints

in CV Nos. 04-00124, 04-00125, 04-00127 and 04-00128 filed January 19, 2007 as

follows:

<u>PART 1.</u>
ANSWER OF DEFENDANTS QK HOTEL, LLC AND KG HOLDINGS LLC
TO THE THIRD AMENDED COMPLAINT (QUEEN KAPIOLANI HOTEL),
<u>CV 04-00124 ACK-BMK</u>

DEFENDANTS QK HOTEL, LLC AND KG HOLDINGS LLC

(collectively, for this part 1 of this consolidated answer, "Defendants"), answer the

Third Amended Complaint (Queen Kapiolani Hotel), CV 04-00124 ACK-BMK,

filed January 19, 2007 (for this part 1 of this consolidated answer, "Complaint") as follows:

ADMISSIONS AND DENIALS

1.      Defendants admit the allegation in paragraphs 2 and 3 of the Complaint.

2.      Defendants deny the allegations in paragraphs 43, 51, 52, 54, 56, 75, 85, 86, 87, 88, 89, 90, 91, 99, 100 and 101 of the Complaint.

3.      Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 37, 39, 40, 46, 47, 48, 49, 59, 64, 65, 66, 68, 69, 70, 71, 74, 78, 79, 80, 81, 93, 94, 95, 96 and 97 of the Complaint, and therefore deny the same.

4.      Defendants deny the allegations in paragraphs 58, 60, 61, 62, 72, 73, 83, 103 and 104 of the Complaint, insofar as those paragraphs allege conduct on the part of Defendants, and are without information or belief as to the truth or falsity of such allegations as they pertain to Defendant Mukai.

5.      Defendants reallege and reassert the responses to the specific numbered paragraphs of the Complaint answered herein in response to the allegations of paragraphs 50, 53, 57, 63, 67, 76, 82, 84, 92, 98 and 102 of the Complaint.

6.    As to the allegations of paragraph 1, Defendants state that they are without information sufficient to form a belief about the truth or falsity of the assertion that 1) plaintiff's principal place of business is not in Hawaii and 2) plaintiff was formerly the sole shareholder of Sports Shinko (USA) Co., Ltd. Defendants admit the other allegations in paragraph 1.

7.    As to the allegations of paragraph 6, Defendants concede that venue is appropriate only if this court has jurisdiction over the subject matter of this dispute.

8.    As to the allegations of paragraph 36 of the Complaint, Defendants state that the Kobayashi Group's Chief Financial Officer sent a letter of interest to SSH to purchase some or all of the Hawaii assets of plaintiff's wholly-owned subsidiaries on December 4, 2001.  Defendants deny the other allegations of paragraph 36 of the Complaint, and note that "insiders of KG" is not a defined term.

9.    As to the allegations of paragraph 38 of the Complaint, Defendants admit that a representative of KG flew to Japan to meet with Toshio Kinoshita and Satoshi Kinoshita, among others, about the purchase of the Hawaii assets owned by plaintiff's wholly owned subsidiaries.  Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations in paragraph 38 of the Complaint, and therefore deny them.

10.     As to the allegations of paragraph 41, Defendants admit that on or about January 15, 2002, defendant KG Holdings LLC executed a Purchase and Sale Agreement ("PSA") with Sports Shinko (Waikiki) Corporation, Sports Shinko (Kauai) Co., Ltd., Sports Shinko (Mililani) Co., Ltd., Sports Shinko (Pukalani) Co., Ltd., Sports Shinko (Hawaii) Co., Ltd., Pukalani STP Co., Ltd., and Sure Transportation, Inc., which provided for the bulk transfer of all of plaintiff's wholly-owned subsidiaries' assets in Hawaii to KG Holdings, LLC's nominees. Defendants are without information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 41 of the Complaint, and therefore deny them.

11.     As to the allegations of paragraph 42 of the Complaint, Defendants deny those allegations, except that they admit they had copies of the most recent real property tax billings for the "QK Properties" as defined in the Complaint.

12.     As to the allegations of paragraph 44 of the Complaint, Defendants respond that the PSA provided for the bulk acquisition of all of the Hawaii assets owned by plaintiffs' wholly-owned subsidiaries. Therefore, it is unfair and unreasonable to compare a sale of the "QK Properties" (as defined in the Complaint) standing alone with the bulk transfer consummated by defendants and other subsidiaries of KG Holdings. In all other respects, Defendants deny the allegations of paragraph 44 of the Complaint.

13.     As to the allegations of paragraph 45 of the Complaint, Defendants admit that KG QK declined to assume the "Management Agreement".  Defendants are without information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 45 of the Complaint.

14.     As to the allegations in paragraph 55 of the Complaint, to the extent they purport to state the law, Defendants respond that the law speaks for itself.  To the extent paragraph 55 asserts facts, Defendants are without information sufficient to form a belief as to the truth or falsity thereof, and therefore denies them. However, it is Defendants understanding that the bulk transfer contemplated by the PSA was to convey all the Hawaii real property, appurtenant structures, furniture, fixtures and equipment, as well as certain stock, controlled by the Plaintiff, as more fully set forth in the documentation of the bulk transfer, including the PSA.

15.     As to the allegations in paragraph 77 of the Complaint, Defendants deny them and incorporate the assertions in the paragraphs 12 and 14 of this Part 1 in partial response thereto, and is otherwise without information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them.

16.     Defendants deny all allegations of the Complaint that are not specifically admitted.

PART 2.
ANSWER OF DEFENDANTS PUKALANI GOLF CLUB, LLC,
KG MAUI DEVELOPMENT, LLC AND KG HOLDINGS, LLC TO
THE THIRD AMENDED COMPLAINT (PUKALANI)
(CV No. 04-00125 ACK-BMK)

DEFENDANTS PUKALANI GOLF CLUB, LLC, KG MAUI

DEVELOPMENT, LLC, AND KG HOLDINGS, LLC (collectively, for this part 2

of this consolidated answer, "Defendants"), answer the Third Amended Complaint

(Pukalani) (CV No. 04-00125 ACK-BMK) filed January 19, 2007 (for this part 2

of this consolidated answer, "Complaint") as follows:

ADMISSIONS AND DENIALS

1.      Defendants admit the allegation in paragraphs 2 and 3 of the

Complaint.

2.      Defendants deny the allegations in paragraphs 5, 43, 51, 52, 54, 56,

75, 85, 86, 87, 88, 89, 90, 91, 99, 100 and 101 of the Complaint.

3.      Defendants are without information sufficient to form a belief as to

the truth or falsity of the allegations in paragraphs 4, 7, 8, 9, 10, 11, 12, 13, 14, 15,

16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 37, 39,

40, 46, 47, 48, 49, 59, 64, 65, 66, 68, 69, 70, 71, 74, 78, 79, 80, 81, 93, 94, 95, 96

and 97 of the Complaint, and therefore deny the same.

4.      Defendants deny the allegations in paragraphs 58, 60, 61, 62, 72, 73,

83, 103 and 104 of the Complaint, insofar as those paragraphs allege conduct on

the part of Defendants, and are without information or belief as to the truth or falsity of such allegations as they pertain to Defendant Mukai.

5.      Defendants reallege and reassert the responses to the specific numbered paragraphs of the Complaint answered herein in response to the allegations of paragraphs 50, 53, 57, 63, 67, 76, 82, 84, 92, 98 and 102 of the Complaint.

6.      As to the allegations in paragraph 1 of the Complaint, Defendants state that upon information and belief, Plaintiff SS-USA's principal place of business at the time this lawsuit was initiated was in the District of Hawaii.  Hence, Defendants deny that "plaintiff's principal place of business is not Hawaii." Defendants admits the remaining allegations in paragraph 1 of the Complaint.

7.      As to the allegations of paragraph 6, Defendants concede that venue is appropriate only if this court has jurisdiction over the subject matter of this dispute.

8.      As to the allegations of paragraph 36 of the Complaint, Defendants state that the Kobayashi Group's Chief Financial Officer sent a letter of interest to SSH to purchase some or all of the Hawaii assets of plaintiff's wholly-owned subsidiaries on December 4, 2001.  Defendants deny the other allegations of paragraph 36 of the Complaint, and note that "insiders of KG" is not a defined term.

9.     As to the allegations of paragraph 38 of the Complaint, Defendants admit that a representative of KG flew to Japan to meet with Toshio Kinoshita and Satoshi Kinoshita, among others, about the purchase of the Hawaii assets owned by plaintiff's wholly owned subsidiaries.  Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations in paragraph 38 of the Complaint, and therefore deny them.

10.     As to the allegations of paragraph 41, Defendants admit that on or about January 15, 2002, defendant KG Holdings LLC executed a Purchase and Sale Agreement ("PSA") with Sports Shinko (Waikiki) Corporation, Sports Shinko (Kauai) Co., Ltd., Sports Shinko (Mililani) Co., Ltd., Sports Shinko (Pukalani) Co., Ltd., Sports Shinko (Hawaii) Co., Ltd., Pukalani STP Co., Ltd., and Sure Transportation, Inc., which provided for the bulk transfer of all of plaintiff's wholly-owned subsidiaries' assets in Hawaii to KG Holdings, LLC's nominees. Defendants deny all the other allegations in paragraph 41 of the Complaint.

11.     As to the allegations of paragraph 42 of the Complaint, Defendants deny those allegations, except that they admit they had copies of the most recent real property tax billings for the "Pukalani properties" as defined in the Complaint.

12.     As to the allegations of paragraph 44 of the Complaint, Defendants respond that the PSA provided for the bulk acquisition of all of the Hawaii assets owned by plaintiffs' wholly-owned subsidiaries.  Therefore, it is unfair and

unreasonable to compare a sale of the "Pukalani Properties" (as defined in the Complaint) standing alone with the bulk transfer consummated by defendants and other subsidiaries of KG Holdings. In all other respects, Defendants deny the allegations of paragraph 44 of the Complaint.

13.    As to the allegations of paragraph 45 of the Complaint, Defendants admit that KG Maui declined to assume the Management Agreement. Defendants are without information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 45 of the Complaint.

14.    As to the allegations in paragraph 55 of the Complaint, to the extent they purport to state the law, Defendants respond that the law speaks for itself. To the extent paragraph 55 asserts facts, Defendants are without information sufficient to form a belief as to the truth or falsity thereof, and therefore denies them. However, it is Defendants understanding that the bulk transfer contemplated by the PSA was to convey all the Hawaii real property, appurtenant structures, furniture, fixtures and equipment, as well as certain stock, controlled by the Plaintiff, as more fully set forth in the documentation of the bulk transfer, including the PSA.

15.    As to the allegations in paragraph 77 of the Complaint, Defendants deny them and incorporate the assertions in the paragraphs 12 and 14 of this Part 2 in partial response thereto, and is otherwise without information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them.

18

16.     Defendants deny all allegations of the Complaint that are not specifically admitted.

PART 3.

ANSWER OF DEFENDANTS KG HOLDINGS, LLC, KIAHUNA GOLF CLUB, LLC, KG KAUAI DEVELOPMENT, LLC, PUKALANI GOLF CLUB, LLC, KG MAUI DEVELOPMENT, LLC, MILILANI GOLF CLUB, LLC, QK HOTEL, LLC, AND OR HOTEL, LLC TO THE SECOND AMENDED COMPLAINT (KAUAI) (CV No. 04-00126 ACK-BMK)

DEFENDANTS KG HOLDINGS, LLC, KIAHUNA GOLF CLUB, LLC, KG KAUAI DEVELOPMENT, LLC, PUKALANI GOLF CLUB, LLC, KG MAUI DEVELOPMENT, LLC, MILILANI GOLF CLUB, LLC, QK HOTEL, LLC, AND OR HOTEL, LLC (collectively, for this part 3 of this consolidated answer, "Defendants") answer the Second Amended Complaint (Kauai) (CV No. 04-00126 ACK-BMK) filed against them on July 12, 2005 (for this part 3 of this consolidated answer, "Complaint") as follows:

ADMISSIONS AND DENIALS

1.     Defendants admit the allegation in paragraphs 3, 5, 6, 7, 8, 9, 10, 52, and 64 of the Complaint.

2.     Defendants deny the allegations in paragraphs 12, 53, 55, 67, 68, 70, 72, 91, 107, 110, 111 and 112 of the Complaint.

3.     Defendants deny the allegations in paragraphs 74, 76, 77, 78, 88, 89, 99, 105, 114 and 115 of the Complaint insofar as those paragraphs allege conduct

19

on the part of Defendants, and are without information or belief as to the truth or falsity of such allegations as they pertain to Defendant Mukai.

4.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 11, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 44, 46, 47, 58, 59, 60, 61, 65, 75, 80, 81, 82, 84, 85, 86, 87, 90, 94, 95, 96, 97, 101, 102, 103, and 104 of the Complaint, and therefore deny the same.

5.     Defendants reallege and reassert the responses to the specific numbered paragraphs of the Complaint answered herein in response to the allegations of paragraphs 66, 69, 73, 79, 83, 92, 98, 100, 106 and 113 of the Complaint.

6.     As to the allegations in paragraph 1 of the Complaint, Defendants state that upon information and belief, Plaintiff SS-USA's principal place of business at the time this lawsuit was initiated was in the District of Hawaii.  Hence, Defendants deny that "plaintiff's principal place of business is not Hawaii." Defendants admit the remaining allegations in paragraph 1 of the Complaint.

7.     As to the allegations in paragraph 4 of the Complaint, Defendants state that they are without information sufficient to form a belief as to the truth or falsity of the allegations related to "KGKG".  Defendants admit the other allegations of paragraph 4 of the Complaint.

8.    As to the allegations of paragraph 13, Defendants concede that venue is appropriate only if this court has jurisdiction over the subject matter of this dispute.

9.    As to the allegations of paragraph 43 of the Complaint, Defendants state that the Kobayashi Group's Chief Financial Officer sent a letter of interest to SSH to purchase some or all of the Hawaii assets of plaintiff's wholly-owned subsidiaries on December 4, 2001.  Defendants deny the other allegations of paragraph 43 of the Complaint, and note that "insiders of KG" is not a defined term.

10.    As to the allegations of paragraph 45 of the Complaint, Defendants admit that a representative of KG flew to Japan to meet with Toshio Kinoshita and Satoshi Kinoshita, among others, about the purchase of the Hawaii assets owned by plaintiff's wholly owned subsidiaries.  Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations in paragraph 45 of the Complaint, and therefore deny them.

11.    Upon information and belief acquired in connection with litigation concerning the Kauai Properties and Resnick (D. Hawaii CV 02-0062 HG-BMK), which lawsuit was filed after the transfer of the Kauai Properties to Defendants Kiahuna Golf Club, LLC and KG Kauai Development LLC, the allegations in paragraphs 48 and 62 of the Complaint are believed to be true.

12.    As to the allegations of paragraph 49, Defendants admit that on or about January 15, 2002, defendant KG Holdings LLC executed a Purchase and Sale Agreement ("PSA") with Sports Shinko (Waikiki) Corporation, Sports Shinko (Kauai) Co., Ltd., Sports Shinko (Mililani) Co., Ltd., Sports Shinko (Pukalani) Co., Ltd., Sports Shinko (Hawaii) Co., Ltd., Pukalani STP Co., Ltd., and Sure Transportation, Inc., which provided for the bulk transfer of all of plaintiff's wholly-owned subsidiaries' assets in Hawaii to KG Holdings, LLC's nominees. Defendants deny all the other allegations in paragraph 49 of the Complaint.

13.    As to the allegations of paragraph 50 and 51, Defendants admit that KG's nominees acquired the "Kauai Properties" on January 25, 2002.  Defendants admit that, for their convenience and for tax and recording purposes, the combined purchase price for the bulk acquisition of all of the Kauai property (that is, the Kiahuna Golf Club and adjacent development lands) acquired pursuant to the PSA was allocated among the various assets and stocks that were acquired, and that the allocated price for the Kiahuna Golf Cub and the Kiahuna ancillary lands were $2,500,000 and $500,000, respectively.  Defendants admit that they assumed the "Mortgage", paid cash and gave unsecured promissory notes for the properties acquired under the PSA, including the "Kauai Properties".  Defendants deny the other allegations of paragraphs 50 and 51 of the Complaint.

14.     As to the allegations of paragraph 54 of the Complaint, Defendants deny those allegations, except that they admit they had copies of the most recent real property tax billings for the "Kauai properties" as defined in the Complaint.

15.     As to the allegations of paragraph 56 of the Complaint, Defendants respond that the purchase proposed by Resnick was only of the Kauai Properties, whereas the PSA provided for the bulk acquisition of all of the Hawaii assets owned by plaintiffs' wholly-owned subsidiaries.  Therefore, it is unfair and unreasonable to compare the sale of the "Kauai Properties" standing alone with the bulk transfer consummated by defendants and other subsidiaries of KG Holdings. In all other respects, Defendants deny the allegations of paragraph 56 of the Complaint.

16.     As to the allegations of paragraph 57 of the Complaint, Defendants admit that KG Kauai declined to assume the Management Agreement.  Defendants are without information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 57 of the Complaint.

17.     As to the allegations of paragraph 63 of the Complaint, Defendants generally admit them and state that the sale and distribution of the net proceeds of the sale of the Kauai Properties to Resnick would not prejudice the claim of any party.

18.    As to the allegations in paragraph 71 of the Complaint, to the extent they purport to state the law, Defendants respond that the law speaks for itself.  To the extent paragraph 71 asserts facts, Defendants are without information sufficient to form a belief as to the truth or falsity thereof, and therefore denies them. However, it is Defendants understanding that the bulk transfer contemplated by the PSA was to convey all the Hawaii real property, appurtenant structures, furniture, fixtures and equipment, as well as certain stock, controlled by the Plaintiff, as more fully set forth in the documentation of the bulk transfer, including the PSA.

17.    As to the allegations in paragraph 93 of the Complaint, Defendants deny them and incorporate the assertions in the paragraphs 15 and 18 of this Part 3 in partial response thereto, and is otherwise without information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them.

18.    As to the allegations of paragraph 108 of the Complaint, Defendants state that the bulk transfer contemplated by the PSA for the purchase and sale of all the Plaintiff's wholly owned subsidiaries' Hawaii assets was for fair market value based upon the information available to Defendants at the time of the purchase and sale, and therefore denies the same.

19.    As to the allegations of paragraph 109 of the Complaint, Defendants state that the net proceeds of the sale of the Kauai properties was set off against the Mortgage as set forth in paragraph 64 of the Complaint.

20.    Defendants deny all allegations of the Complaint that are not specifically admitted.

## PART 4.
### ANSWER OF DEFENDANTS OR HOTEL, LLC AND KG HOLDINGS, LLC TO THE THIRD AMENDED COMPLAINT (OCEAN RESORT HOTEL) (CV No. 04-00127 ACK-BMK)

DEFENDANTS OR HOTEL, LLC AND KG HOLDINGS, LLC

(collectively, for this part 4 of this consolidated answer, "Defendants"), answer the Third Amended Complaint (Ocean Resort Hotel) (CV No. 04-00127 ACK-BMK) filed January 19, 2007 (for this part 4 of this consolidated answer, "Complaint") as follows:

ADMISSIONS AND DENIALS

1.    Defendants admit the allegation in paragraphs 2 and 3 of the Complaint.

2.    Defendants deny the allegations in paragraphs 43, 51, 52, 54, 56, 75, 85, 86, 87, 88, 89, 90, 91, 99, 100 and 101 of the Complaint.

3.    Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 37, 39, 40, 46, 47, 48, 49, 59, 64, 65, 66, 68, 69, 70, 71, 74, 78, 79, 80, 81, 93, 94, 95, 96 and 97 of the Complaint, and therefore deny the same.

4.     Defendants deny the allegations in paragraphs 58, 60, 61, 62, 72, 73, 83, 103 and 104 of the Complaint, insofar as those paragraphs allege conduct on the part of Defendants, and are without information or belief as to the truth or falsity of such allegations as they pertain to Defendant Mukai.

5.     Defendants reallege and reassert the responses to the specific numbered paragraphs of the Complaint answered herein in response to the allegations of paragraphs 50, 53, 57, 63, 67, 76, 82, 84, 92, 98 and 102 of the Complaint.

6.     As to the allegations of paragraph 1, Defendants state that they are without information sufficient to form a belief about the truth or falsity of the assertion that 1) plaintiff's principal place of business is not in Hawaii and 2) plaintiff was formerly the sole shareholder of Sports Shinko (USA) Co., Ltd., and therefore deny those allegations.  Defendants admit the other allegations in paragraph 1.

7.     As to the allegations of paragraph 6, Defendants concede that venue is appropriate only if this court has jurisdiction over the subject matter of this dispute.

8.     As to the allegations of paragraph 36 of the Complaint, Defendants state that the Kobayashi Group's Chief Financial Officer sent a letter of interest to SSH to purchase some or all of the Hawaii assets of plaintiff's wholly-owned subsidiaries on December 4, 2001.  Defendants deny the other allegations of

paragraph 36 of the Complaint, and note that "insiders of KG" is not a defined term.

9.     As to the allegations of paragraph 38 of the Complaint, Defendants admit that a representative of KG flew to Japan to meet with Toshio Kinoshita and Satoshi Kinoshita, among others, about the purchase of the Hawaii assets owned by plaintiff's wholly owned subsidiaries.  Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations in paragraph 38 of the Complaint, and therefore deny them.

10.     As to the allegations of paragraph 41, Defendants admit that on or about January 15, 2002, defendant KG Holdings LLC executed a Purchase and Sale Agreement ("PSA") with Sports Shinko (Waikiki) Corporation, Sports Shinko (Kauai) Co., Ltd., Sports Shinko (Mililani) Co., Ltd., Sports Shinko (Pukalani) Co., Ltd., Sports Shinko (Hawaii) Co., Ltd., Pukalani STP Co., Ltd., and Sure Transportation, Inc., which provided for the bulk transfer of all of plaintiff's wholly-owned subsidiaries' assets in Hawaii to KG Holdings, LLC's nominees. Defendants deny all the other allegations in paragraph 41 of the Complaint.

11.     As to the allegations of paragraph 42 of the Complaint, Defendants deny those allegations, except that they admit they had copies of the most recent real property tax billings for the "ORH Properties" as defined in the Complaint.

12.    As to the allegations of paragraph 44 of the Complaint, Defendants respond that the PSA provided for the bulk acquisition of all of the Hawaii assets owned by plaintiffs' wholly-owned subsidiaries.  Therefore, it is unfair and unreasonable to compare a sale of the "QK Properties" (as defined in the Complaint) standing alone with the bulk transfer consummated by defendants and other subsidiaries of KG Holdings.  In all other respects, Defendants deny the allegations of paragraph 44 of the Complaint.

13.    As to the allegations of paragraph 45 of the Complaint, Defendants admit that KG ORH declined to assume the Management Agreement.  Defendants are without information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 45 of the Complaint.

14.    As to the allegations in paragraph 55 of the Complaint, to the extent they purport to state the law, Defendants respond that the law speaks for itself.  To the extent paragraph 55 asserts facts, Defendants are without information sufficient to form a belief as to the truth or falsity thereof, and therefore denies them. However, it is Defendants understanding that the bulk transfer contemplated by the PSA was to convey all the Hawaii real property, appurtenant structures, furniture, fixtures and equipment, as well as certain stock, controlled by the Plaintiff, as more fully set forth in the documentation of the bulk transfer, including the PSA.

15.     As to the allegations in paragraph 77 of the Complaint, Defendants deny them and incorporate the assertions in the paragraphs 12 and 14 of this Part 4 in partial response thereto, and is otherwise without information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them.

16.     Defendants deny all allegations of the Complaint that are not specifically admitted.

PART 5.
ANSWER OF DEFENDANTS MILILANI GOLF CLUB, LLC AND KG
HOLDINGS, LLC TO THE THIRD AMENDED COMPLAINT (MILILANI)
(CV 04-00128 ACK-BMK)

DEFENDANTS MILILANI GOLF CLUB, LLC AND KG HOLDINGS, LLC (collectively, for this part 5 of this consolidated answer, "Defendants"), answer the Third Amended Complaint (Mililani) (CV 04-00128 ACK-BMK) January 19, 2007 (for this part 5 of this consolidated answer, "Complaint") as follows:

ADMISSIONS AND DENIALS

1.     Defendants admit the allegation in paragraphs 2 and 3 of the Complaint.

2.     Defendants deny the allegations in paragraphs 5, 43, 51, 52, 54, 56, 75, 85, 86, 87, 88, 89, 90, 91, 99, 100 and 101 of the Complaint.

3.     Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs 4, 7, 8, 9, 10, 11, 12, 13, 14, 15,

29

16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 37, 39, 40, 46, 47, 48, 49, 59, 64, 65, 66, 68, 69, 70, 71, 74, 78, 79, 80, 81, 93, 94, 95, 96 and 97 of the Complaint, and therefore deny the same.

4.     Defendants deny the allegations in paragraphs 58, 60, 61, 62, 72, 73, 83, 103 and 104 of the Complaint, insofar as those paragraphs allege conduct on the part of Defendants, and are without information or belief as to the truth or falsity of such allegations as they pertain to Defendant Mukai.

5.     Defendants reallege and reassert the responses to the specific numbered paragraphs of the Complaint answered herein in response to the allegations of paragraphs 50, 53, 57, 63, 67, 76, 82, 84, 92, 98 and 102 of the Complaint.

6.     As to the allegations in paragraph 1 of the Complaint, Defendants state that upon information and belief, Plaintiff SS-USA's principal place of business at the time this lawsuit was initiated was in the District of Hawaii.  Hence, Defendants deny that "plaintiff's principal place of business is not Hawaii." Defendants admits the remaining allegations in paragraph 1 of the Complaint.

7.     As to the allegations of paragraph 6, Defendants concede that venue is appropriate only if this court has jurisdiction over the subject matter of this dispute.

8.     As to the allegations of paragraph 36 of the Complaint, Defendants state that the Kobayashi Group's Chief Financial Officer sent a letter of interest to

30

SSH to purchase some or all of the Hawaii assets of plaintiff's wholly-owned subsidiaries on December 4, 2001. Defendants deny the other allegations of paragraph 36 of the Complaint, and note that "insiders of KG" is not a defined term.

9.     As to the allegations of paragraph 38 of the Complaint, Defendants admit that a representative of KG flew to Japan to meet with Toshio Kinoshita and Satoshi Kinoshita, among others, about the purchase of the Hawaii assets owned by plaintiff's wholly owned subsidiaries. Defendants are without information sufficient to form a belief as to the truthfulness of the remaining allegations in paragraph 38 of the Complaint, and therefore deny them.

10.     As to the allegations of paragraph 41, Defendants admit that on or about January 15, 2002, defendant KG Holdings LLC executed a Purchase and Sale Agreement ("PSA") with Sports Shinko (Waikiki) Corporation, Sports Shinko (Kauai) Co., Ltd., Sports Shinko (Mililani) Co., Ltd., Sports Shinko (Pukalani) Co., Ltd., Sports Shinko (Hawaii) Co., Ltd., Pukalani STP Co., Ltd., and Sure Transportation, Inc., which provided for the bulk transfer of all of plaintiff's wholly-owned subsidiaries' assets in Hawaii to KG Holdings, LLC's nominees. Defendants are without information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 41 of the Complaint, and therefore deny them.

11.     As to the allegations of paragraph 42 of the Complaint, Defendants deny those allegations, except that they admit they had copies of the most recent real property tax billings for the "Mililani properties" as defined in the Complaint.

12.     As to the allegations of paragraph 44 of the Complaint, Defendants respond that the PSA provided for the bulk acquisition of all of the Hawaii assets owned by plaintiffs' wholly-owned subsidiaries.  Therefore, it is unfair and unreasonable to compare a sale of the "Mililani Properties" (as defined in the Complaint) standing alone with the bulk transfer consummated by defendants and other subsidiaries of KG Holdings.  In all other respects, Defendants deny the allegations of paragraph 44 of the Complaint.

13.     As to the allegations of paragraph 45 of the Complaint, Defendants admit that KG Mililani declined to assume the Management Agreement. Defendants are without information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 45 of the Complaint.

14.     As to the allegations in paragraph 55 of the Complaint, to the extent they purport to state the law, Defendants respond that the law speaks for itself.  To the extent paragraph 55 asserts facts, Defendants are without information sufficient to form a belief as to the truth or falsity thereof, and therefore denies them. However, it is Defendants understanding that the bulk transfer contemplated by the PSA was to convey all the Hawaii real property, appurtenant structures, furniture,

fixtures and equipment, as well as certain stock, controlled by the Plaintiff, as more fully set forth in the documentation of the bulk transfer, including the PSA.

 15. As to the allegations in paragraph 77 of the Complaint, Defendants deny them and incorporate the assertions in the paragraphs 12 and 14 of this Part 5 in partial response thereto, and is otherwise without information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies them.

 16. Defendants deny all allegations of the Complaint that are not specifically admitted.

DEFENDANTS KG HOLDINGS, LLC, KIAHUNA GOLF CLUB, LLC,
KG KAUAI DEVELOPMENT, LLC, PUKALANI GOLF CLUB, LLC,
KG MAUI DEVELOPMENT, LLC, MILILANI GOLF CLUB, LLC,
QK HOTEL, LLC, and OR HOTEL, LLC[1]
AFFIRMATIVE DEFENSES AS TO EACH OF THE
<u>FOREGOING COMPLAINTS</u>

 1. The claims fail to state a claim upon which relief can be granted.

 2. The claims of Plaintiff Sports Shinko (USA) Co., Ltd. are barred by this Court's lack of subject matter jurisdiction.

 3. The claims of Plaintiff Sports Shinko Co., Ltd. and Plaintiff Sports Shinko (USA) Co., Ltd. are barred by unclean hands of the respective plaintiffs and its privies.

 4. The claims of Plaintiff Sports Shinko Co., Ltd. and Plaintiff Sports Shinko (USA) Co., Ltd. are barred by the *in pari delicto* doctrine.

33

5.     The claims of Plaintiff Sports Shinko Co., Ltd. and Plaintiff Sports Shinko (USA) Co., Ltd. are barred by the doctrine of estoppel.

6.     The claims of Plaintiff Sports Shinko Co., Ltd. and Plaintiff Sports Shinko (USA) Co., Ltd. are barred by the "sole owner rule".

7.     The claims of Plaintiff Sports Shinko Co., Ltd. and Plaintiff Sports Shinko (USA) Co., Ltd. are barred by the doctrine of ratification.

8.     The claims of Plaintiff Sports Shinko Co., Ltd. and Plaintiff Sports Shinko (USA) Co., Ltd. are barred by the doctrine of acquiescence.

9.     Plaintiff Sports Shinko Co., Ltd. and Plaintiff Sports Shinko (USA) Co., Ltd. lack standing to pursue the claims sued upon.

10.     Defendants will rely on the defense of failure of consideration.

11.     Defendants will rely on the defense of setoff.

12.     Plaintiff Sports Shinko Co., Ltd. and Plaintiff Sports Shinko (USA) Co., Ltd. have failed to join indispensable parties.

13.     Plaintiff Sports Shinko Co., Ltd. and Plaintiff Sports Shinko (USA) Co., Ltd. are not the real parties in interest to the claims asserted.

14.     The claims of Plaintiff Sports Shinko Co., Ltd. and Plaintiff Sports Shinko (USA) Co., Ltd. are barred by their failure to mitigate damages.

---

[1]     The foregoing parties are identified as "KG" in this section of this pleading.

15.     The claims of Plaintiff Sports Shinko Co., Ltd. and Plaintiff Sports Shinko (USA) Co., Ltd. are barred by fraud.

16.     The claims of Plaintiff Sports Shinko Co., Ltd. and Plaintiff Sports Shinko (USA) Co., Ltd. are barred by misrepresentation.

17.     The claims of Plaintiff Sports Shinko Co., Ltd. and Plaintiff Sports Shinko (USA) Co., Ltd. are barred by the doctrine of waiver.

18.     The claims of Plaintiff Sports Shinko Co., Ltd. and Plaintiff Sports Shinko (USA) Co., Ltd. are barred by the doctrine of affirmation.

19.     The claims of Plaintiff Sports Shinko Co., Ltd. and Plaintiff Sports Shinko (USA) Co., Ltd. are barred by the statute of limitations.

20.     The claims of Plaintiff Sports Shinko Co., Ltd. and Plaintiff Sports Shinko (USA) Co., Ltd. are barred by laches.

21.     The unjust enrichment claims of Plaintiff Sports Shinko Co., Ltd. and Plaintiff Sports Shinko (USA) Co., Ltd. fail because of the express contract between defendants and plaintiffs' privies.

22.     KG intends to rely on every additional defense identified in Rules 8 and 12 of the Federal Rules of Civil Procedure that is supported by evidence adduced in discovery.

23.    KG intends to rely on every additional defense referred to and not adjudicated in the Order Granting in Part and Denying In Part Defendants' Motion for Reconsideration, filed July 19, 2006.

WHEREFORE Defendants KG HOLDINGS, LLC, KIAHUNA GOLF CLUB, LLC, KG KAUAI DEVELOPMENT, LLC, PUKALANI GOLF CLUB, LLC, KG MAUI DEVELOPMENT, LLC, MILILANI GOLF CLUB, LLC, QK HOTEL, LLC and OR HOTEL, LLC, ask that the Court dismiss these five actions, award them their attorneys' fees and costs herein, and that judgment be entered in their favor and against the plaintiffs on all claims alleged in the five foregoing complaints.

DATED:  Honolulu, Hawaii, January 22, 2007.

/s/ Robert A. Marks
WARREN PRICE III
ROBERT A. MARKS
SIMON KLEVANSKY
ALIKA L. PIPER
CARISA LIMA KA'ALA HEE

Attorneys for Defendants, Counterclaimants and Third-Party Plaintiffs KG HOLDINGS, LLC, KIAHUNA GOLF CLUB, LLC, KG KAUAI DEVELOPMENT, LLC, PUKALANI GOLF CLUB, LLC, KG MAUI DEVELOPMENT, LLC, MILILANI GOLF CLUB, LLC, QK HOTEL, LLC, AND OR HOTEL, LLC