IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD.,<br>    Plaintiff,<br>  vs.<br>QK HOTEL, LLC, et al.,<br>    Defendants,<br>  and<br>FRANKLIN K. MUKAI,<br>    Third-Party Plaintiff,<br>  vs.<br>SPORTS SHINKO (USA) CO., LTD., et al.,<br>    Third-Party Defendants,<br>  and<br>SPORTS SHINKO (HAWAII) CO., LTD., et al.,<br>    Third-Party Defendants/<br>    Counterclaimants,<br>  vs.<br>QK HOTEL, LLC, et al.,<br>    Third-Party Counterclaim<br>    Defendants.<br>AND CONSOLIDATED CASES | CV 04-00124 ACK-BMK<br>CV 04-00125 ACK-BMK<br>CV 04-00126 ACK-BMK<br>CV 04-00127 ACK-BMK<br>CV 04-00128 ACK-BMK<br><br>CONSOLIDATED CASES<br><br>COUNTERCLAIM |

## COUNTERCLAIM

Defendants KG HOLDINGS, LLC, KIAHUNA GOLF CLUB, LLC, KG KAUAI DEVELOPMENT, LLC, PUKALANI GOLF CLUB, LLC, KG MAUI DEVELOPMENT, LLC, MILILANI GOLF CLUB, LLC, QK HOTEL, LLC, and OR HOTEL, LLC (collectively, "KG Parties") hereby state their

counterclaims against plaintiffs SPORTS SHINKO CO., LTD. ("SS-Japan"), and SPORTS SHINKO (USA) CO., LTD. ("SS-USA") (collectively, "Plaintiffs") in each of the consolidated cases as follows:

## INCORPORATION BY REFERENCE

1. The KG Parties incorporate by reference into this counterclaim each of allegations in the Second Amended Complaint filed against them in CV No. 04-00126 on July 12, 2005, and the Third Amended Complaints in CV Nos. 04-00124, 04-00125, 04-00127 and 04-00128 filed January 19, 2007 (collectively, "complaints").

2. Plaintiff/counterclaim defendant SS-Japan is a Japan corporation.

3. At all times relevant, SS-Japan has been the controlling shareholder of Plaintiff SS-USA. SS-USA is a Delaware corporation.

4. At all times relevant, SS-USA has been the sole shareholder of Sports Shinko (Hawaii) Co., Ltd. ("SS-Hawaii"), a Hawaii corporation.

5. At all times relevant, SS-Hawaii has been the sole shareholder of the following Hawaii corporations: Sports Shinko Resort Hotel Corporation ("SS-RHC"), Sports Shinko (Kauai) Co., Ltd., Sports Shinko (Pukalani) Co., Ltd., and Sports Shinko (Mililani) Co., Ltd. ("SS-Mililani").

6. At all times relevant, SS-RHC has been the sole shareholder of Sports Shinko (Waikiki) Corporation ("SS-Waikiki"), a Hawaii corporation. SS-Pukalani,

SS-Mililani, SS-Kauai, SS-RHC and SS-Waikiki are collectively referred to as the "SS Hawaii Entities".

7. At all times relevant, SS Hawaii and each of the SS Hawaii Entities were owned and controlled by the plaintiffs.

8. The SS Hawaii Entities are the "debtors" as defined and referenced in the complaints.

9. On or about January 15, 2002, the SS Hawaii Entities and SS-Hawaii entered into a Purchase and Sale Agreement ("PSA") with KG Holdings, LLC, pursuant to which, the SS Hawaii Entities agreed to sell, and KG Holdings, LLC, for itself or its nominees, agreed to buy, the Queen Kapiolani Hotel, the Ocean Resort Hotel, the Pukalani Golf Course and adjacent lands, the Kiahuna Golf Course and adjacent lands, the Mililani Golf Course, and the capital stock of Pukalani STP Co., Ltd. and Sure Transportation, Inc., (collectively, the "SS Hawaii Assets") all as more fully set forth in the PSA.

10. The transaction contemplated by the PSA was consummated in 2002 in various separate transfers of the SS Hawaii Assets to the designees of KG Holdings, LLC, specifically, KIAHUNA GOLF CLUB, LLC (which took title to the Kiahuna Golf Course), KG KAUAI DEVELOPMENT, LLC (which took title to the development property adjacent to the Kiahuna Golf Course), PUKALANI GOLF CLUB, LLC (which took title to the Pukalani Golf Course), KG MAUI

3

DEVELOPMENT, LLC (which took title to the development property adjacent to the Pukalani Golf Course[2]), MILILANI GOLF CLUB, LLC (which took title to the Mililani Golf Course), OR HOTEL, LLC (which was assigned the ground lease to the Ocean Resort Hotel and took ownership of the improvements on said leasehold property) and QK HOTEL, LLC (which was assigned the ground lease to the Queen Kapiolani Hotel and took ownership of the improvements on said leasehold property). The foregoing limited liability companies, excluding KG Holdings, LLC, are referred to herein as the "KG Hawaii Companies".

   11.   The plaintiffs were aware of, and consented to the execution and performance of the PSA.

   12.   Plaintiffs allege they were defrauded by the SS Hawaii Entities by virtue of the sale of certain of the SS Hawaii Assets to the KG Hawaii Companies, as more fully set forth in the complaints.

   13.   In the PSA, SS Hawaii and the SS Hawaii Entities made certain representations and warranties that benefit KG Holdings, LLC and the KG Hawaii Companies.

---

[2]   One parcel of real property that was to have been transferred pursuant to the PSA was not transferred due to a mistake of the parties in drawing up the deed. That issue is the subject of pending litigation in <u>KG Holdings, LLC, et al. v. Sports Shinko (Hawaii) Co., Ltd., et al.</u>, Hawaii 2nd Cir. Civil No. 06-1-0233(3) (complaint filed July 10, 2006), and is not the subject of this counterclaim.

4

14. The filing of these lawsuits breached various representations and warranties in the PSA, including the representation and warranty in ¶ 4.1(b) of the PSA.

15. In the deeds and assignment of lease instruments transferring the SS Hawaii Assets to the KG Hawaii Companies, covenants and warranties, including covenants of the SS Hawaii Entities' right to sell and convey (or assign) the SS Hawaii Assets, and warranties of title, were made.

16. The filing of these lawsuits breached the covenants and warranties made in the foregoing deeds and assignments of lease.

## COUNT 1: CONSPIRACY

17. The KG Parties repeat and reallege the allegations contained in paragraphs 1 - 16 of this counterclaim.

18. Plaintiffs have conspired with the SS Hawaii Entities and SS-Hawaii to cause the transfer of the SS Hawaii Assets to the KG Hawaii Companies.

19. Said civil conspiracy includes a conspiracy to breach the representations and warranties of the PSA.

20. Said civil conspiracy includes a conspiracy to breach the covenants and warranties made in the respective deeds and assignments of lease transferring ownership of the SS Hawaii Assets from the SS Hawaii Entities to the KG Hawaii Companies.

21. Said civil conspiracy includes the filing of the complaints.

22. As a result of said civil conspiracy, the KG Parties have been damaged in an amount to be shown at trial.

## COUNT 2: AIDING AND ABETTING

23. The KG Parties repeat and reallege the allegations contained in paragraphs 1 - 22 of this counterclaim.

24. Plaintiffs have aided and abetted the SS Hawaii Entities and SS-Hawaii in breaching the representations and warranties of the PSA.

25. Plaintiffs have aided and abetted the SS Hawaii Entities and SS-Hawaii in breaching the covenants and warranties made in the respective deeds and assignments of lease transferring ownership of the SS Hawaii Assets from the SS Hawaii Entities to the KG Hawaii Companies.

26. Plaintiffs have aided and abetted the SS Hawaii Entities and SS-Hawaii in wrongfully filing the complaints.

27. As a result of said aiding and abetting, the KG Parties have been damaged in an amount to be shown at trial.

## COUNT 3: VICARIOUS LIABILITY

28. The KG Parties repeat and reallege the allegations contained in paragraphs 1 - 27 of this counterclaim.

29. The plaintiffs, as principals of the SS Hawaii Entities and SS-Hawaii or otherwise, are vicariously liable to the KG Parties for the alleged misconduct of the SS Hawaii Entities alleged in the complaints.

30. The plaintiffs, as principals of the SS Hawaii Entities and SS-Hawaii or otherwise, are vicariously liable to the KG Parties for breach of the representations and warranties of the PSA.

31. The plaintiffs, as principals of the SS Hawaii Entities and SS-Hawaii or otherwise, are vicariously liable to the KG Parties for the breach of the covenants and warranties found in the deeds and assignments of lease transferring the SS Hawaii Assets to the KG Hawaii Companies.

32. The amount of such liability will be shown at trial.

## COUNT 4: ALTER EGO LIABILITY

33. The KG Parties repeat and reallege the allegations contained in paragraphs 1 - 32 of this counterclaim.

34. The SS Hawaii Entities and SS-Hawaii (and each of them) are the alter egos of the plaintiffs (or either of them), and therefore, plaintiffs are legally responsible for the alleged misconduct of the SS Hawaii Entities and SS-Hawaii.

35. The plaintiffs, as the alter egos of the SS Hawaii Entities and SS-Hawaii, are legally responsible to the KG Parties for breach of the representations and warranties of the PSA.

36. The plaintiffs, as the alter egos of the SS Hawaii Entities and SS-Hawaii, are legally responsible to the KG Parties for the breach of the covenants and warranties found in the deeds and assignments of lease transferring the SS Hawaii Assets to the KG Hawaii Companies.

37. As a result of the foregoing, the KG Parties have been damaged in an amount that will be proven at trial.

## COUNT 5: UNJUST ENRICHMENT

38. The KG Parties repeat and reallege the allegations contained in paragraphs 1 - 37 of this counterclaim.

39. If the complaints, or any of them are sustained, and plaintiffs are awarded damages or rescission based upon the sale of the SS Hawaii Assets, or any of them, plaintiffs, or either of them, will have wrongfully received title to the SS Hawaii Assets, or damages.

40. It would be unjust to allow plaintiffs, or either of them, to be so enriched under the circumstances herein.

WHEREFORE the KG Parties pray as follows:

a. That the complaints be dismissed and judgment be entered that plaintiffs take nothing against the KG Parties.

b. That the KG Parties be granted damages in an amount to be proven at trial.

  c.  That the KG Parties be granted all legal and equitable relief that is just and proper based upon the foregoing.

  d.  That if it should be determined that the KG Parties, or any of them, are responsible for damages to plaintiffs (or either of them), that the plaintiffs be adjudicated to be liable to the KG Parties in like amount based upon the allegations in this counterclaim.

  e.  That the KG Parties be awarded compensatory damages for the claims set forth in this counterclaim.

  f.  That the KG Parties be awarded punitive damages in an amount to be shown at trial.

  g.  That the KG Parties be awarded prejudgment interest.

  h.  That the KG Parties be awarded attorneys' fees and costs.

  i.  That the KG Parties be awarded such other and further relief that the Court deems just and proper.

DATED: Honolulu, Hawaii, January 22, 2007.

　　　　　　　　　　　　　　　/s/ Robert A. Marks
　　　　　　　　　　　　　　WARREN PRICE III
　　　　　　　　　　　　　　ROBERT A. MARKS
　　　　　　　　　　　　　　SIMON KLEVANSKY
　　　　　　　　　　　　　　ALIKA L. PIPER
　　　　　　　　　　　　　　CARISA LIMA KA'ALA HEE

Attorneys for Defendants, Counterclaimants and Third-Party Plaintiffs KG HOLDINGS, LLC, KIAHUNA GOLF CLUB, LLC, KG KAUAI DEVELOPMENT, LLC, PUKALANI GOLF CLUB, LLC, KG MAUI DEVELOPMENT, LLC, MILILANI GOLF CLUB, LLC, QK HOTEL, LLC, AND OR HOTEL, LLC