UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION



FILED
JUN 2 7 2002
Clerk U.S. Bankruptcy
Court Tampa, FL

| | | |
|---|---|---|
| In re | : | Jointly Administered |
| Sports Shinko (Florida) Co., Ltd. | | Case Nos.   02-02804-8C7 |
| Sports Shinko (Florida Realty), Inc. | : | 02-02806-8C7 |
| Sports Shinko Utility, Inc. | | 02-02808-8C7 |
| Grenelefe Realty, Inc., | : | 02-02809-8C7 |
| Debtors. | : | |
| _____/ | | |

ORDER (A) APPROVING
THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS
FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES;
(B) APPROVING A BACKUP CREDIT BID; AND (C) ESTABLISHING
PROCEDURES AND DEADLINES FOR ASSERTING CLAIMS AGAINST THE
PROCEEDS OF THE SALE

THIS CHAPTER 7 CASE came on for final hearing on June 18, 2002, at 2:00 p.m. upon the Chapter 7 Trustee's Motion for Order (I) Authorizing the Sale of the Debtors' Assets Free and Clear of Liens and Encumbrances; and (II) Approving the Terms of Such Sale (the "Motion") [Docket No. 49]. Based upon the evidence offered in support of the Motion and for the reasons stated orally and recorded in open court, which shall constitute the decision of the Court, it is

ORDERED as follows:

1. The Motion is GRANTED as provided herein.

2. The Purchase and Sale Agreement, dated June 18, 2002, and filed with the Court as Trustee's Exhibit 1 (the "Agreement") is approved. The assets to be sold (the "Property") are described in the proposed Trustee's Deed attached as Exhibit A to this

EXHIBIT 18

77

Order and in the proposed Bill of Sale attached as Exhibit B to this Order. The Agreement and the Bill of Sale also identify the assets excluded from the sale (the "Excluded Assets"). The purchase price of $12,750,000 offered by Central Florida Investments, Inc. (the "Buyer") is the highest and best offer to purchase the Property.

3. The Chapter 7 Trustee's execution, delivery and performance of the Agreement are hereby ratified and authorized in all respects.

4. The Chapter 7 Trustee is authorized to execute and deliver all documents and to take all appropriate actions necessary to evidence and consummate the closing of the sale of the Property to the Buyer and the transactions contemplated thereby.

5. The Buyer shall pay a gross purchase price in the amount of $12,750,000 in cash (the "Purchase Price") to the Chapter 7 Trustee at the closing of the purchase and sale transaction (the "Closing") in accordance with the terms of the Agreement and this Order. Except as provided in this Order, the Purchase Price shall be maintained by the Trustee in a separate, interest bearing account in the absence of further order of the Court.

6. The sale of the Property shall be free and clear of the following liens, encumbrances and interests pursuant to 11 U.S.C. § 363(f):

    a.. The liens of First Columbine Life Insurance Company ("First Columbine") as evidenced by: (i) that certain Mortgage from Sports Shinko (Florida) Co., Ltd., a Delaware corporation and Sports Shinko (Florida Realty), Inc., a Florida corporation to Columbine Life Insurance Company, a Colorado corporation, dated July 2,

2

1997 and recorded July 3, 1997 in O.R. Book 3865, Page 1266 and , as modified by those certain Mortgage Modification, Partial Release and Spreader Agreements recorded in O.R. Book 3922, Page 520, O.R. Book 3935, Page 2133, O.R. Book 3967, Page 1304 and O.R. Book 4024, Page 501, as assigned to and now held of record by First Columbine, by virtue of that certain instrument recorded in O.R. Book 4390, Page 2062; and (ii) that certain Assignment of Rents, Income, Profits and Leases and Other Interests in Real Property from Sports Shinko (Florida) Co., Ltd., a Delaware corporation and Sports Shinko (Florida Realty), Inc., a Florida corporation to Columbine Life Insurance Company, a Colorado corporation, dated June 17, 1997 and recorded July 3, 1997 in O.R. Book 3865, Page 1356, as modified by those certain Mortgage Modification, Partial Release and Spreader Agreements recorded in O.R. Book 3922, Page 520, O.R. Book 3935, Page 2133, O.R. Book 3967, Page 1304 and O.R. Book 4024, Page 501, as assigned to and now held of record by First Columbine, by virtue of that certain instrument recorded in O.R. Book 4390, Page 2062; and (iii) that certain UCC-1 Financing Statement from Sports Shinko (Florida) Co., Ltd., a Delaware corporation and Sports Shinko (Florida Realty), Inc., a Florida corporation to Columbine Life Insurance Company, a Colorado corporation, recorded in O.R. Book 3865, Page 1400, as modified by those certain Mortgage Modification, Partial Release and Spreader Agreements recorded in O.R. Book 3922, Page 520, O.R. Book 3935, Page 2133, O.R. Book 3967, Page 1304 and O.R. Book 4024, Page 501, as assigned to and now held of record by First Columbine by virtue of that certain UCC-3 recorded in O.R. Book 4389, Page 199, and

3

that certain UCC-3 Financing Statement from Sports Shinko (Florida) Co., Ltd., a Delaware corporation and Sports Shinko (Florida Realty), Inc., a Florida corporation to Columbine Life Insurance Company, a Colorado corporation, recorded in O.R. Book 3967, Page 1311 as amended by that certain UCC-3 recorded in O.R. Book 4024, Page 509, all as recorded in the Public Records of Polk County, Florida, and together with all related UCC Financing Statements recorded with the Florida Secretary of State;

   b. The liens reflected in the UCC-1 Financing Statements filed by Bank of America, as the successor in interest to Barnett Bank with the Florida Secretary of State. The personal property leased or financed by the Bank and the certificate of deposit subject to the Bank's liens are among the Excluded Assets. The Bank's liens against any Excluded Assets are unaffected by the sale. This Order impacts Bank of America only to the extent that they have filed a protective UCC-1 Financing Statement that might be construed to impair the Property sold pursuant to this Order;

   c. The lien reflected in the secured proof of claim filed by Joe Tedder the Polk County Tax Collector and any unrecorded liens of the Polk County Tax Collector;

   d. Any equitable or statutory lien that may exist in favor of the Florida Department of Environmental Protection;

   e. The liens reflected in the UCC-1 Financing Statement filed by Wells Fargo Financial with the Florida Secretary of State. The property leased or financed by this creditor is among the Excluded Assets. The liens of Wells Fargo

Financial against any of the Excluded Assets are unaffected by this Order. This Order impacts Wells Fargo Financial only to the extent that they have filed a protective UCC-1 Financing Statement that might be construed to impair the Property sold pursuant to this Order;

  f. The lien reflected in the UCC-1 Financing Statement filed by Mitel Capital Corporation with the Florida Secretary of State;

  g. Any legal or equitable claim in connection with the lis pendens filed for the case styled *Southern Electric Supply Co., Inc. v. Structured Communications Cabling, Inc. and Sports Shinko (Florida Realty), Inc.*, Case No G99-3594, as recorded in O.R. Book 4353, Page 169, Public Records of Polk County, Florida;

  h. Any legal or equitable claim asserted in connection with the lis pendens filed in the case styled *Tampa Bay Systems Sales, Inc., d/b/a Tampa Bay Trane v. Sports Shinko (Florida) Co., Ltd.*, Case No G-00-3959, recorded in O.R. Book, Page 164, Public Records of Polk County, Florida;

  i. The Claim of Lien filed by Bowman & Associates, recorded in O.R. Book 4577, Page 1203 Public Records of Polk County, Florida;

  j. The Claim of Lien filed by Structured Communications Cabling, Inc., recorded in O.R. Book 4316, Page 2105, Public Records of Polk County, Florida;

  k. Any legal or equitable lien and/or interests asserted by Grenelefe Association of Condominium Owners No. 1, Inc. and Grenelefe Estate Homeowners Association, Inc., including but not limited to the Claim of Lien in favor Grenelefe

Association of Condominium Owners No. 1, Inc., recorded in O.R. Book 4923, Page 117, Public Records of Polk County, Florida;

  l. The lien reflected in the secured proof of claim filed by Al Viviani & Associates;

  m. All rights in favor of The Grenelefe Corp. n/k/a One Main Street, Inc., with respect to Parcel 30, as set forth in the Instrument recorded December 28, 1984, recorded in O.R. Book 2292, Page 1720, Public Records of Polk County, Florida, including, but not limited to any right of first refusal, option to purchase or requirement of prior approval;

  n. Any equitable liens or rights of the past or current members of the Grenelefe Golf and Tennis Club in or to the Grenelefe golf course, club or other facilities;

  o. Any and all claims or liens asserted in the lawsuit styled *Grenelefe Club Estates Homeowners Association v. Sports Shinko (Florida) Co., Ltd., et al.*, Case No. GC-G-2000-3634, in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida;

  p. Any legal or equitable liens or interests that may be asserted by any party served with the Motion;

  q. The lien reflected in Heritage Food Service's secured proof of claim;

  r. The lien reflected in Florida Supply and Cleaning's secured proof

of claim;

  s. The lien reflected in Elnora Ward's secured proof of claim;

  t. The lien reflected in Earl Monari secured proof of claim; and

  u. The lien reflected in Linda Lane or Laney's secured proof of claim.

The liens, encumbrances and interests set forth in this paragraph 6 shall be transferred and shall attach to the net proceeds of the sale of the Property.

  7. At Closing, the Court authorizes the Chapter 7 Trustee to pay to First Columbine, the principal amount of their claim of $11,512,403.87, interest at the contract rate through July 1, 2002 (the "Closing Date") of $264,407.94, and late fees in the amount of $17,246,63. Following the Closing Date, First Columbine shall file its application for fees and costs. Upon the entry of a final order approving such fees and costs, the Trustee shall be authorized to pay the amount awarded by the Court from the remaining Purchase Price (the "Excess Proceeds"). The payments to First Columbine under this paragraph are without prejudice to any rights that First Columbine may have to assert additional claims against the Excess Proceeds or the Excluded Assets. This paragraph 7, and payments authorized herein, shall not apply in the event that the back up Credit Bid is closed with First Columbine.

  8. Except as provided in paragraph 7, any party who claims an interest in the Excess Proceeds because of the transfer of a lien or interest pursuant to paragraph 6 must file an adversary proceeding asserting such claim on or before August 15, 2002. A copy

7

of the adversary proceeding must be filed with the Court and served on the Chapter 7 Trustee and her Counsel Roberta A. Colton, Esquire at Post Office Box 1102, Tampa, Florida 33601-1102. **Failure to file an adversary proceeding on or before August 15, 2002 will constitute a waiver of any secured claim against the Excess Proceeds.**

9. The Court finds that the Chapter 7 Trustee and the Buyer have acted in good faith and that the terms and conditions of the Agreement are fair and reasonable and have been negotiated and agreed upon in good faith on the part of the Chapter 7 Trustee and the Buyer. The Purchase Price was established by a judicially authorized auction conducted by the Chapter 7 Trustee pursuant to the Order of this Court dated May 22, 2002 [Docket No. 59].

10. The Court finds that the auction procedures were fair and reasonable under the circumstances and are hereby approved in all respects. The Court finds that the auction conducted by the Chapter 7 Trustee pursuant to the Order of this Court was a duly authorized and publicized "judicial sale."

11. The Court further approves the back up credit bid of First Columbine Insurance Company (the "Credit Bid"). The Credit Bid will be for the Property described in the Agreement, less the following lots:

> (i) Lots 27, 28, 29, 30, 31, 32, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75 and 76 Grenelefe Club Estates, Phase Two, according to the plat recorded at Plat Book 87, Pages 27 and 28, of the Public Records of Polk County, Florida.
>
> (ii) The North 20 feet of Lot 5, GRENELEFE ESTATES, PHASE III, PART II, SECTION "C", according to the Plat thereof on file in the Office

of the Clerk of the Circuit Court in and for Polk County, Florida recorded in Plat Book 76, Page 15.

(iii)   Lot 23, GRENELEFE ESTATES, PHASE "D", according to the Plat thereof on file in the Office of the Clerk of the Circuit Court in and for Polk County, Florida recorded in Plat Book 80, Pages 20 and 21;

LESS AND EXCEPT that portion thereof lying within the following description: Starting at the Southwest corner of Lot 22 of Grenelefe Estates Phase "D", as recorded in Plat Book 80, Pages 20 and 21, Public Records of Polk County, Florida; run thence North 89° 02'55" East along the South boundary of said Lot 22, a distance of 112.45 feet for the Point of Beginning; thence run North 09° 29'29" West, a distance of 147.89 feet to a non-tangent curve concave Northwesterly, said curve being part of a cul-de-sac and having a radius of 50.0 feet, a central angle of 65° 27'04", a chord of 54.06 feet and a chord-bearing of North 45° 47'07" East; thence run Northeasterly, along said curve, an arc-length of 57.12 feet to a non-tangent line; thence run South 44° 22'43" East, a distance of 66.73 feet; thence run South 14° 29'20" East, a distance of 115.35 feet; thence run South 73° 20'55" West, a distance of 83.86 feet to the Southeast corner of said Lot 22; thence run South 89° 02'55" West, along the South boundary of said Lot 22, a distance of 9.55 feet to the said Point of Beginning.

(iv)   All of GRENELEFE CLUB ESTATES PHASE ONE, according to the Plat thereof on file in the Office of the Clerk of the Circuit Court in and for Polk County, Florida recorded in Plat Book 86, Pages 13 and 14;

(v)   All of GRENELEFE CLUB ESTATES, PHASE II, according to the Plat thereof on file in the Office of the Clerk of the Circuit Court in and for Polk County, Florida recorded in Plat Book 87, Pages 27 and 28; LESS AND EXCEPTING THEREFROM Lots 7 through 56, inclusive and Lots 65 to 76, inclusive.

The amount of the Credit Bid is $1,000, with the understanding that if First Columbine takes title to the Property, less the excluded lots, First Columbine waives any deficiency claim against the Debtors' estates, except to the extent of any claims that First Columbine may have to the Excluded Assets. The sale to First Columbine by Credit Bid shall be

9

free and clear of the liens identified in paragraph 6 herein, except that the Court shall retain jurisdiction to determine whether the Credit Bid sale shall be free and clear of the liens identified in paragraph 6.c. and 6.k. First Columbine shall have the right to object to the extent, validity or priority of any alleged lien or claim, including those identified in paragraph 6.c. and 6.k. Should the Agreement with the Buyer fail to close, the Chapter 7 Trustee is authorized to close the Credit Bid sale to First Columbine without further order of the Court.

12. This Court shall retain jurisdiction (a) to interpret and enforce the provisions of the Agreement and the documents executed pursuant thereto; and (b) to interpret and enforce the provisions of this Order.

13. Pursuant to Bankruptcy Rule 6004(g), the Court expressly directs that this Order will be effective on entry of the Order and shall not be stayed for ten days.

14. The Debtors shall not be liable for, and no portion of the purchase price shall be disbursed for any brokerage commission with respect to the sale of the Property.

15. Notice given by the Chapter 7 Trustee of the Motion and the hearing thereon complied with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

16. The Objection to the sale filed by Grenelefe Club Estates, Inc. is overruled without prejudice to Grenelefe Club Estates, Inc. filing an adversary proceeding to assert a secured claim against the Excess Proceeds as provided in paragraph 8 herein.

17. Counsel for the Trustee is directed to immediately serve a copy of this Order upon the service list identified below and to promptly file a certificate of service reflecting such service.

DONE AND ORDERED in Tampa, Florida on June 27, 2002.

*C. Timothy Corcoran*
C. TIMOTHY CORCORAN, III
UNITED STATES BANKRUPTCY JUDGE

Copies Furnished To:
Roberta A. Colton, Esquire, Trenam, Kemker, et al., P. O. Box 1102, Tampa, Florida 33601-1102
United States Trustee's Office, 501 East Polk Street, Suite 1200, Tampa, Florida 33602
John J. Lamoureux, Esquire, Carlton, Fields, et al., 1 Harbour Place, P. O. Box 3239, Tampa, Florida 33601
Traci Strickland, Interim Chapter 7 Trustee, Post Office Box 49000, St. Petersburg, Florida 33743-9000
Michael D. Seese, Esquire, Bilzin Sumberg, et al., 200 S. Biscayne Boulevard, No. 2500, Miami, Florida 33131-2336
Sports Shinko (Florida) Co., Ltd., Sports Shinko (Florida Realty), Inc., Sports Shinko Utility, Inc., and Grenelefe Realty, Inc. c/o Traci Strickland, P. O. Box 49000, St. Petersburg, Florida 33743-9000
Herbert Donica, Esquire, 320 W. Kennedy, Suite 520, Tampa, FL 33606
Robert Jackson, Esquire, Greenspoon, Marder, et al., SouthTrust Bank Building, Suite 1100, 135 West Central Blvd., Orlando Florida 32801
Keith Fendrick, Esquire, Foley Lardner, 100 N. Tampa Street, Suite 2700, Tampa, Florida 33602
Patrick Howell, Esquire, Taylor & Carls, P.A., 850 Concourse Parkway South, No. 105 Maitland, Florida 32751
First Columbine Life Insurance Company c/o ING Investment Management, Inc. 300 Galleria Parkway, N.W., Suite 1200, Atlanta, Georgia 30339-3149, Attention: David Foley, Sr., Vice President
Joe G. Tedder, Tax Collector, 430 East Main Street, Bartow, Florida 33831-1189
Al Viviani & Associates, c/o Alfred P. Viviani, Owner, 60 Pond St., Boxford, Massachusetts 01921

Jonathan H. Alden, Esquire, Senior Financial Counsel, Florida Department of Environmental Protection, MS 35, 3900 Commonwealth Boulevard, Tallahassee, Florida 32399-3000
Bank of America Corporation c/o Its Registered Agent, CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324
Wells Fargo Financial America, Inc. c/o Its Registered Agent: R.E. Good, 250 International Parkway, Suite 146, Heathrow, Florida 32746
Wells Fargo Financial America, Inc., 206 Eight Street, Des Moines, Iowa 50309
Ms. LaVonya Conrad, Leasing Administrator Mitel Capital Corporation, 75 Second Avenue, Suite 200, Needham Heights, Massachusetts 02194
Mitel Capital Corporation, c/o Its Registered Agent, Leasetec Corporation
    1000 S. McCaslin Boulevard, Superior, Colorado 80027
Southern Electric Supply Company, Inc., c/o Its Registered Agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301
Southern Electric Supply Company, Inc., 301 46th Court, Meridian, Mississippi 39301
Tampa Bay Systems Sales, Inc., 902 N. Himes, Tampa, Florida 33609
Tampa Bay Systems Sales, Inc., c/o Its Registered Agent, Douglas B. Cohn, 4616 San Miguel, Tampa, Florida 33609
Bowman & Associates, Inc., 2467 S. 3rd Street, Jacksonville Beach, Florida 32250
Bowman & Associates, c/o Its Registered Agent, Richard G. Hathaway, 7077 Bonneval Road, Suite 200, Jacksonville, Florida 32216
Structured Communications Cabling, Inc., 254 Fiel End Road, Sarasota, Florida 34240
Structured Communications Cabling, Inc., c/o Its Registered Agent, Raymond T. Suplee, Esquire, Suplee & Shea, P.A., 800 S. Osprey Avenue, Building A, Sarasota, Florida 34236
Grenelefe Association of Condominium Owners No. 1. c/o Its Registered Agent
    Charles R. Peloquin, Greenlefe Association Burnway Road, POB 7001, Grenelefe, Florida 33844
Amy E. Goodblatt, Esquire, Shepard, Filburn & Goodblatt, P.A., 221 Northeast Ivanhoe Boulevard, Suite 205, Orlando, Florida 32804
Grenelefe Estate Homeowners Association c/o Its Registered Agent: Karl T. Gould
    10 Coventry Drive Haines City, Florida 33844
Ray Sapp, President Homeowners Association, 46 Nottingham Way, Haines City, Florida 33844
One Main Street, Inc. f/k/a The Grenelefe Corporation c/o Its Registered Agent, Prentice-Hall Corporation System, Inc., 1201 Hays Street, Suite 105, Tallahassee, Florida 32301
One Main Street, Inc., One HSBC Center 15th Floor, Buffalo, New York 14203
Rosanne Gervasi, Esquire, Senior Attorney, Florida Public Service Commission, 2540 Shumard Oak Boulevard, Tallahassee, Florida 32399

**Theresa M. Bender, Esquire,** Department of Business and Professional Regulation, Office of General Counsel, 1940 North Monroe Street, Tallahassee, Florida 32399-2202
**Heritage Food Service,** c/o K. David Allen, Controller, P.O Box 8710, Ft. Wayne, IN 46898
**Florida Supply & Cleaning,** Attn: Joe Sfera, 1710 Industrial Street, Edgewater, FL 32132
**Elnora Ward,** W1578 Southshore Drive, East Troy, Wisconsin 53120
**Earl Monari,** 1504 Second Street, Peru, Illinois 61354
**Linda Lane,** No Address Provided in her Proof of Claim
**Lynda Lee Laney,** P.O. Box 3884, Haines City, FL 33845